# Illinois Official Reports

## Appellate Court

---

### *People v. Walker*, 2018 IL App (1st) 160509

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. BRIAN WALKER, Petitioner-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-16-0509 |
| Filed | December 27, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 05-CR-18000; the Hon. Thomas V. Gainer Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Elena B. Penick, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Joseph Alexander, and Phyllis Warren, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Presiding Justice McBride and Justice Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant Brian Walker was convicted, after a jury trial, of the first degree murder of Dehombre Barnett. The jury also found that defendant personally discharged the firearm that caused Barnett's death. Thus, defendant was sentenced to 28 years, plus an additional 25 years due to a firearm enhancement, for a total sentence of 53 years with the Illinois Department of Corrections (IDOC).

¶ 2    Defendant now appeals the first-stage dismissal of his *pro se* postconviction petition as frivolous and patently without merit. Although his *pro se* petition contained several claims, he raises only one claim on appeal: that his counsel was ineffective for failing to inform him of a mandatory 25-year firearm enhancement, thereby leading defendant to reject a 27-year plea offer from the State. For the following reasons, we do not find his arguments persuasive and affirm the first-stage dismissal.

¶ 3                                              I. BACKGROUND

¶ 4    Defendant was charged in a 12-count indictment with various offenses, including first degree murder and attempted armed robbery, stemming from the shooting death of Barnett at Barnett's barber shop on July 8, 2005, during an attempted robbery. Before trial, the State dismissed all charges except for one count, which was the count for felony murder predicated on attempted armed robbery.

¶ 5    In this appeal, defendant does not challenge either the sufficiency of the evidence against him or the admission of evidence at trial. Therefore, we incorporate by reference our prior opinion, where we described the evidence in detail. *People v. Walker*, 392 Ill. App. 3d 277, 279-85 (2009). In sum, the State's evidence established that defendant and Matthew Moss, an uncharged co-offender, entered the victim's barber shop shortly before the murder and ran out after two gunshots were fired. In a signed statement provided to an assistant state's attorney, defendant stated that Barnett sold marijuana from his barber shop, that Moss intended to rob Barnett, that defendant "would take any of the money or weed" that Moss "was willing to give," that the victim, Barnett, pulled out a gun, and that defendant pulled out his own gun, fired two shots at Barnett, and ran. In the signed statement, defendant admitted that the gun of his co-offender, Moss, "click[ed]" but did not fire, leaving defendant as the sole shooter. However, in a stipulation between the parties, a forensic scientist stated that, if called to testify, he would testify that a gunshot residue test performed on defendant's hands did not detect gunshot residue, but that "gunshot residue particles can be effectively removed by washing or wiping the surface" or with "normal hand activity over time." A forensic pathologist testified that Barnett died as the result of a gunshot that entered above Barnett's left temple, above the eyebrow.

¶ 6    The jury found defendant guilty of first degree murder and also found that he personally discharged the firearm that proximately caused the victim's death. At this first sentencing, the trial court sentenced defendant to 35 years for felony murder, plus the mandatory 25-year enhancement for killing with a firearm, for a total of 60 years. (There have been three sentencings, as we describe below.)

¶ 7    On appeal, defendant claimed (1) that the trial court abused its discretion by allowing the State to proceed solely on a felony murder charge, thereby precluding defendant from seeking

jury instructions on self-defense and second degree murder, (2) that the trial court erred by refusing to allow the defense to present evidence that a co-offender was not charged, (3) that the trial court erred by refusing to give defendant's issues instruction on armed robbery, and (4) that defendant's sentence was both excessive and improper because the trial court considered in aggravation matters that were implicit in the offense and facts unsupported by the evidence.

¶ 8       For reasons already stated in our prior opinion, this court affirmed the judgment of conviction, but remanded for resentencing, "with instructions that the trial court may not consider in aggravation the killing by a firearm, because that is a matter implicit in the firearm enhancement for the felony murder conviction." *Walker*, 392 Ill. App. 3d at 303.

¶ 9       At the second sentencing, held on May 18, 2010, the trial court sentenced defendant to 28 years for felony murder, plus 25 years for the firearm enhancement, for a total of 53 years.

¶ 10      On appeal from the second sentencing, this court found that "there is nothing in the record to show whether the sentencing court considered defendant's subjective belief that he shot the victim in self-defense, which is a statutory mitigating factor in sentencing only in a felony murder case." *People v. Walker*, 2012 IL App (1st) 102284-U, ¶ 1. This court vacated defendant's sentence a second time and remanded for a third sentencing in order "for the sentencing court to consider defendant's [subjective] belief." *Walker*, 2012 IL App (1st) 102284-U, ¶ 1.

¶ 11      At the third sentencing, held on December 18, 2012, the trial court considered defendant's subjective belief in the need for self-defense and again sentenced defendant to 28 years for felony murder, plus 25 years for the firearm enhancement, for a total of 53 years. Defendant filed an appeal from the third sentencing, but this court granted counsel's *Anders* motion to withdraw and affirmed defendant's sentence. *Anders v. California*, 386 U.S. 738 (1967); *In re J.P.*, 2016 IL App (1st) 161518, ¶¶ 5-6 (pursuant to *Anders*, appointed counsel may request leave to withdraw from representation on direct appeal if counsel "conclude[s] that no viable grounds exist for the appeal").

¶ 12      In a *pro se* postconviction petition, filed on November 17, 2015, defendant raised several claims, only one of which he raises on appeal: that his counsel was ineffective for failing to inform him of a mandatory 25-year firearm enhancement, thereby leading defendant to reject a 27-year plea offer from the State. With respect to this claim, the trial court found, among other things, that "petitioner was aware that if he rejected the purported plea offer he could face a sentence of up to 60 years for first degree murder, regardless of any sentencing enhancement, yet [he] still chose to do so. Petitioner's actual sentence was not in excess of the maximum sentence he knowingly risked by rejecting the plea offer."

¶ 13      Thus, on January 4, 2016, the trial court dismissed the petition as frivolous and patently without merit, and this appeal followed. On appeal, defendant asks this court to reverse the trial court's summary dismissal and remand for second-stage proceedings. However, defendant does not specify what relief he ultimately seeks from these proceedings. From his contentions, it appears that he seeks a reversal of his conviction and a remand for the resumption of plea negotiations and a new trial, if necessary. See *People v. Hale*, 2013 IL 113140, ¶ 1; *People v. White*, 2011 IL 109616, ¶¶ 14, 31. However, even if this case was remanded as defendant seeks, there is no guarantee that the State will again make a 27-year plea offer, as defendant alleges it previously made.

## II. ANALYSIS

Defendant claims that the trial court erred in dismissing his *pro se* postconviction petition as frivolous and patently without merit. On this appeal, defendant raises one claim: that his trial counsel was ineffective for failing to advise him of a mandatory 25-year firearm enhancement, leading him to reject a plea offer by the State of 27 years. For the following reasons, we affirm.

### A. Stages of a Post-Conviction Proceeding

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) "provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009); *People v. Tyler*, 2015 IL App (1st) 123470, ¶ 143. Specifically, section 122-1 of the Act provides:

> "(a) Any person imprisoned in the penitentiary may institute a proceeding under this Article if the person asserts that:
>
>> (1) in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both[.]" 725 ILCS 5/122-1(a) (West 2016).

The Act permits a person under a criminal sentence to challenge his or her conviction or sentence for violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006) (citing *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005)).

To be entitled to postconviction relief, a petitioner bears the burden of establishing that a substantial deprivation of his constitutional rights occurred "in the proceedings that produced the conviction or sentence being challenged." *Pendleton*, 223 Ill. 2d at 471; *People v. Waldrop*, 353 Ill. App. 3d 244, 249 (2004); 725 ILCS 5/122-1(a) (West 2016).

In noncapital cases, the Act contemplates three stages. *Pendleton*, 223 Ill. 2d at 471-72. At the first stage, the trial court has 90 days to review a petition and may summarily dismiss it, if the trial court finds that the petition is frivolous and patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016); *Pendleton*, 223 Ill. 2d at 472. If the trial court does not dismiss the petition within that 90-day period, the trial court must docket it for further consideration. 725 ILCS 5/122-2.1(b) (West 2016); *Pendleton*, 223 Ill. 2d at 472.

If the petition survives this initial review, the process moves to the second stage, where the trial court appoints counsel for a petitioner who cannot afford counsel. 725 ILCS 5/122-4 (West 2016). Appointed counsel may make any amendments that are "necessary" to the petition previously filed by the *pro se* defendant. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). After counsel has reviewed and amended the petition if needed, the State may file a motion to dismiss or file an answer. 725 ILCS 5/122-5 (West 2016); *Pendleton*, 223 Ill. 2d at 472. If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage. *People v. Coleman*, 183 Ill. 2d 366, 380-81 (1998).

If the petition proceeds, it advances to a third-stage evidentiary hearing. "[W]hen a petitioner's claims are based upon matters outside the record, the Postconviction Act does not intend such claims [to] be adjudicated on the pleadings." *People v. Snow*, 2012 IL App (4th) 110415, ¶ 15; see also 725 ILCS 5/122-6 (West 2016); *Pendleton*, 223 Ill. 2d at 472-73. At an

evidentiary hearing, the trial court "may receive proof by affidavits, depositions, oral testimony, or other evidence," and "may order the [defendant] brought before the court." 725 ILCS 5/122-6 (West 2016).

¶ 22 When a matter is decided without an evidentiary hearing, we review the trial court's decision under a *de novo* standard of review. *People v. Hommerson*, 2014 IL 115638, ¶ 6 (first-stage summary dismissal); *Tyler*, 2015 IL App (1st) 123470, ¶ 151 (second-stage dismissal) (citing *Pendleton*, 223 Ill. 2d at 473). Thus, a *de novo* standard of review applies to the case at bar. Under a *de novo* standard, the reviewing court owes no deference to the trial court's judgment or reasoning. *Tyler*, 2015 IL App (1st) 123470, ¶ 151 (citing *People v. Vincent*, 226 Ill. 2d 1, 14 (2007)). *De novo* consideration means that the reviewing court performs the same analysis that a trial judge would perform. *Tyler*, 2015 IL App (1st) 123470, ¶ 151.

¶ 23 In addition, a reviewing court may affirm on any basis found in the record. *In re Gabriel W.*, 2017 IL App (1st) 172120, ¶ 31; *People v. Miles*, 2017 IL App (1st) 132719, ¶ 22; *People v. Daniel*, 2013 IL App (1st) 111876, ¶ 37 ("we may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct").

¶ 24                                    B. Ineffective Assistance of Counsel

¶ 25 Defendant claims that the trial court erred in dismissing his petition at the first stage because he made a nonfrivolous claim of ineffective assistance of trial counsel.

¶ 26 Every Illinois defendant has a constitutional right to the effective assistance of counsel under the sixth amendment to the United States Constitution and under the Illinois Constitution. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; *People v. Domagala*, 2013 IL 113688, ¶ 36. Claims of ineffective assistance are judged against the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Domagala*, 2013 IL 113688, ¶ 36 (citing *People v. Albanese*, 104 Ill. 2d 504, 526 (1984) (adopting *Strickland* for Illinois)). To prevail on a claim of ineffective assistance, a defendant must show both (1) that counsel's performance was deficient and (2) that this deficient performance prejudiced defendant. *Domagala*, 2013 IL 113688, ¶ 36 (citing *Strickland*, 466 U.S. at 687).

¶ 27 To establish the first prong, that counsel's performance was deficient, a defendant must show "that counsel's performance was objectively unreasonable under prevailing professional norms." *Domagala*, 2013 IL 113688, ¶ 36. To establish the second prong, that this deficient performance prejudiced the defendant, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Domagala*, 2013 IL 113688, ¶ 36 (citing *Strickland*, 466 U.S. at 694). "[A] reasonable probability that the result would have been different is a probability sufficient to undermine confidence in the outcome—or put another way, that counsel's deficient performance rendered the result of the trial unreliable or fundamentally unfair." *People v. Evans*, 209 Ill. 2d 194, 220 (2004); *People v. Colon*, 225 Ill. 2d 125, 135 (2007).

¶ 28 Although the *Strickland* test is a two-prong test, our analysis may proceed in any order. Since a defendant must satisfy both prongs of the *Strickland* test in order to prevail, a trial court may dismiss the claim if either prong is missing. *People v. Flores*, 153 Ill. 2d 264, 283 (1992). Thus, if a court finds that defendant was not prejudiced by the alleged error, it may dismiss on that basis alone without further analysis. *People v. Graham*, 206 Ill. 2d 465, 476 (2003); *Albanese*, 104 Ill. 2d at 527.

¶ 29                          C. *Strickland* in the Plea Bargain Context

¶ 30      In the plea bargain context, to show prejudice, a defendant must establish certain factors, as we discuss below. Our supreme court found that the factors listed in *People v. Curry*, 178 Ill. 2d 509, 529-30 (1997), no longer control and that the factors set forth in *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012), are the ones that now control. Our supreme court clearly stated: "*Frye* and *Cooper*, rather than *Curry*, control and the factors set forth in those cases must now be relied upon in deciding if prejudice has been shown where a plea offer has lapsed or been rejected because of counsel's deficient performance." *Hale*, 2013 IL 113140, ¶ 20.

¶ 31      According to *Hale*, *Frye*, and *Cooper*, to show prejudice in the plea bargain context, a defendant must show a reasonable probability (1) that, but for his counsel's deficient advice, he would have accepted the plea offer, (2) that the plea would have been entered without the prosecution cancelling it, (3) that the trial court would have accepted the bargain, assuming that it had discretion under state law to accept or reject it, and (4) that "the end result of the criminal process would have been more favorable by reason of a plea." *Frye*, 566 U.S. at 147; *Cooper*, 566 U.S. at 163-64; *Hale*, 2013 IL 113140, ¶ 19.

¶ 32      In addition, "[t]he disparity between the sentence a defendant faced and a significantly shorter plea offer can be considered supportive of a defendant's claim of prejudice." *Hale*, 2013 IL 113140, ¶ 18.

¶ 33      In the case at bar, defendant cannot show a reasonable probability that, but for his counsel's deficient advice, he would have accepted the plea offer; and, thus, his petition is patently without merit on the first factor. See *Frye*, 566 U.S. at 147; *Cooper*, 566 U.S. at 163-64; *Hale*, 2013 IL 113140, ¶ 19.

¶ 34      Even without the mandatory firearm enhancement, defendant knew he was facing a possible 60-year sentence for murder, and the 53-year sentence he actually received was less than this maximum. 730 ILCS 5/5-8-1(a)(1)(a) (West 2004) (60-year maximum).[1] In addition, even without the mandatory enhancement, defendant knew he was facing a possible 20-year minimum for murder. 730 ILCS 5/5-8-1(a)(1)(a) (West 2004) (20-year minimum). The alleged plea offer was only seven years more than the minimum that defendant does not deny he knew of and, thus, on the very low end of his possible exposure. In sum, even if we accept his allegations as true, defendant was willing to both risk a possible 60-year sentence for murder and reject an offer of only seven years more than the minimum, in the hope of being acquitted. See *Hale*, 2013 IL 113140, ¶¶ 8, 28 (finding no prejudice from a 40-year total sentence, where "defendant was willing to risk a 30-year sentence and go to trial, rather than plead guilty in exchange for a 15-year sentence").

¶ 35      Defendant was willing to take this risk even though he knew that his criminal history demonstrated both a resistance to change and a prior involvement with drugs and guns. His presentence report demonstrates that, on December 13, 2001, he was sentenced to 18 months' probation for attempted possession of cocaine. On July 17, 2002, a violation of probation petition was filed. On August 6, 2002, his probation was terminated unsatisfactorily when he was sentenced for new offenses, namely, six years for the manufacture or delivery of cocaine and three years for the possession of a weapon by a felon, to run concurrently. On July 8, 2005,

---

[1]Section 5-8-1(a)(1)(a) provides that, for first degree murder, "a term shall be not less than 20 years and not more than 60 years." 730 ILCS 5/5-8-1(a)(1)(a) (West 2004).

shortly after his release from his prior drug and weapons charges, the instant offense occurred, which also involved drugs and weapons. In this offense, defendant, according to his own statement, shot the victim whom he hoped would be a source of drugs, money, or both. Despite a criminal history that demonstrated a resistance to change, defendant chose to reject a plea offer that was only seven years above the minimum that he does not deny he knew of. In three sentencings before two different trial judges, defendant did not receive the minimum.

¶ 36    The "showing of prejudice must encompass more than a defendant's own ' "subjective, self-serving" ' testimony." *Hale*, 2013 IL 113140, ¶ 18. The petition at bar is not at the third-stage evidentiary hearing phase of the proceedings, as was the petition in *Hale*, 2013 IL 113140, ¶ 11. However, even if we assume that defendant received a 27-year plea offer from the State, that this offer remained open until the start of trial, that his petition asserts that he would have accepted this offer if he knew of the mandatory enhancement, and that his counsel failed to inform him of it, there is still nothing alleged in the petition to show prejudice, except for defendant's own subjective, self-serving remarks. See *Hale*, 2013 IL 113140, ¶ 18. A court may consider a disparity between "the sentence a defendant faced" and a plea offer as objective evidence supporting defendant's claim. *Hale*, 2013 IL 113140, ¶ 18. However, as we explained above, this consideration does not help defendant here. Thus, even if we accept his contention that his attorney failed to inform him of the enhancement, he cannot show prejudice on the facts observed in this case.

¶ 37    Our supreme court in *Hale* concluded that it would be unnecessary to review the other arguments of the State since we have already concluded that defendant cannot establish the prejudice prong of defendant's claim of ineffective assistance of trial counsel. *Hale*, 2013 IL 113140, ¶ 30 ("we find it unnecessary to examine the additional factors necessary for a finding of prejudice").

¶ 38    In conclusion, on the particular facts of this case, we find that defendant cannot show prejudice where he faced a possible 60-year sentence, even without the 25-year firearm enhancement, and where his 53-year sentence is less than the 60 years he was willing to risk.

¶ 39                                              III. CONCLUSION

¶ 40    For the foregoing reasons, we affirm the trial court's first-stage dismissal of defendant's *pro se* postconviction petition.

¶ 41    Affirmed.