2020 IL App (1st) 171449-U

No. 1-17-1449

Order filed January 14, 2020

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 1982 |
| | ) | |
| JEROME FLETCHER, | ) | Honorable |
| | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE SMITH delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The summary dismissal of defendant's *pro se* postconviction petition is affirmed where defendant failed to state an arguable claim of ineffective assistance of trial counsel.

¶ 2    Defendant Jerome Fletcher appeals the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). On appeal, defendant contends that his petition stated an arguable claim of ineffective assistance of counsel in that his trial counsel failed to advise him that, if convicted of attempt first degree

murder with the personal discharge of a firearm that caused great bodily harm, he faced a minimum 31-year prison sentence due to a mandatory 25-year firearm enhancement, and this misapprehension of the law caused defendant to reject the State's 15-year plea offer. For the following reasons, we affirm.

¶ 3    Defendant was charged by indictment with five counts of attempt first degree murder (720 ILCS 5/8-4(a) (West 2014); 720 ILCS 5/9-1(a) (West Supp. 2015)), one count of aggravated battery (720 ILCS 5/12-3.05(e)(1) (West Supp. 2015)), and one count of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2014)), arising from the shooting of John Knuth on November 26, 2015.

¶ 4    Prior to trial, defendant requested a pretrial conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). The record does not contain a transcript of the conference. At a subsequent pretrial hearing, the following colloquy occurred:

> "THE COURT: *** Mr. Fletcher, it is my understanding that you do not want to accept the negotiated settlement.
>
> THE DEFENDANT: No."

No details regarding the settlement offer were discussed, including the offense to which defendant would plead guilty and the length of the sentence. The court stated that it revoked the offer, and the cause proceeded to trial.

¶ 5    The evidence at trial established that on November 26, 2015, Knuth went to defendant's apartment, where they consumed alcohol. At some point, defendant and Knuth argued and Knuth observed defendant had a firearm. Knuth left the apartment and defendant followed him down the street. While walking behind Knuth, defendant stated, "[n]obody's gonna beat my ass at my

house, I'm going to kill you, mother f***." Knuth started to jog away and heard two gunshots. He felt that he was shot in his left upper thigh and fell to the ground.

¶ 6     Following trial, the jury found defendant guilty of attempt first degree murder and aggravated battery, and that he personally discharged a firearm that proximately caused great bodily harm to Knuth.

¶ 7     Trial counsel filed an amended motion for judgment notwithstanding the verdict, or alternatively, a new trial. In support of the motion, counsel argued, in relevant part, that the State failed to prove beyond a reasonable doubt that defendant used a firearm, and therefore, the firearm enhancement should not apply. The trial court denied defendant's motion.

¶ 8     At sentencing, the State argued that "[t]he jury returned the verdicts with the firearm enhancement," so the minimum sentence for attempt first degree murder with the personal discharge of a firearm that caused great bodily harm, a Class X offense, would be six years plus the 25-year mandatory enhancement, for a total of 31 years. In response, defense counsel maintained the range was 6 to 30 years because the State did not prove the firearm enhancement applied. In allocution, defendant said, "Your Honor, I'm sitting here, being judged for a crime I didn't commit."

¶ 9     The trial court merged the verdicts into one count of attempt first degree murder with the personal discharge of a firearm that caused great bodily harm, and sentenced defendant to 6½ years on the merged count. It then imposed the mandatory 25-year sentencing enhancement for defendant's personal discharge of a firearm, noting that "[t]here is no discretion on the enhancement." Defendant filed a motion to reconsider sentence, which the trial court denied.

¶ 10  On direct appeal, defendant claimed that (1) the trial court did not question the potential jurors as required by Illinois Supreme Court Rule 431(b) (eff. July 1, 2012), (2) the evidence was insufficient to prove intent to kill beyond a reasonable doubt, and (3) the evidence was insufficient to prove that he caused great bodily harm. We affirmed. *People v. Fletcher*, 2019 IL App (1st) 163041-U.

¶ 11  While his direct appeal was pending, defendant filed a *pro se* petition for postconviction relief alleging ineffective assistance of trial counsel due to improper advice during plea negotiations. Defendant claimed that trial counsel failed to accurately inform him of the possible penalties, or that his sentence would include a mandatory 25-year firearm enhancement. Defendant asserted that trial counsel's failings prejudiced him because he rejected the State's 15-year plea offer. Defendant attached his own affidavit to the petition in which he stated that had he known about the enhancement, he "likely would have accepted the State's offer."

¶ 12  On February 3, 2017, the circuit court entered a written order that summarily dismissed defendant's postconviction petition as "frivolous and patently without merit." The judge who presided at defendant's trial also presided during postconviction proceedings, and in his written order, did not question defendant's assertion that the State had offered a 15-year sentence as part of its plea offer. However, the court stated that in claiming that counsel provided incomplete information about the maximum possible sentence, defendant failed to allege that he was given any erroneous information. Instead, the court followed *People v. Miller*, 393 Ill. App. 3d 629 (2009), where the appellate court rejected the defendant's argument that trial counsel was deficient for not informing him that he faced a mandatory firearm enhancement. The court further stated that defendant cannot show that he suffered prejudice because he could not have

avoided the 25-year firearm enhancement by pleading guilty and did not present "any evidence [of prejudice] beyond his own self-serving, conclusory arguments."

¶ 13    Defendant filed a combined motion for leave to amend his postconviction petition, or alternatively, for the circuit court to reconsider its summary dismissal. In the motion, defendant contended that his counsel provided "erroneous, misleading information" regarding the sentencing range, which caused him to reject an offer to plead guilty to a "reduced charge of aggravated battery" in exchange for a 15-year sentence. Defendant acknowledged he failed to include any supporting affidavits, records, or other evidence beyond his own affidavit, but asked the court to excuse his failure due to "the difficulty or impossibility" of obtaining an affidavit from his trial counsel.

¶ 14    The circuit court denied defendant's combined motion, ruling that the motion to amend was untimely and the motion to reconsider did not identify new evidence or substantive changes in the law that merited relief.

¶ 15    Defendant appeals the summary dismissal of his petition for postconviction relief, arguing that his petition outlined a claim of ineffective assistance of counsel in that his trial counsel failed to advise him that, if convicted of attempt murder with the personal discharge of a firearm that caused great bodily harm, he faced a minimum 31-year prison sentence due to a mandatory 25-year firearm enhancement, and this misapprehension of the law caused defendant to reject the State's 15-year plea offer.

¶ 16    The Act provides a three-stage mechanism for a defendant who alleges he suffered a substantial deprivation of his constitutional rights. *People v. Johnson*, 2018 IL 122227, ¶ 14. At the first stage, a defendant must meet the low threshold of pleading sufficient facts to state the

"gist" of a constitutional claim. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A circuit court may only dismiss a petition through a written order if it determines that the petition is "frivolous or patently without merit." *Id.* at 10. A petition is frivolous or patently without merit when it "is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. "[A]n indisputably meritless legal theory is one that is completely contradicted by the record," and "[f]anciful factual allegations include those that are fantastic or delusional." *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 47. This court reviews a first-stage dismissal of a postconviction petition *de novo*. *People v. Simms*, 192 Ill. 2d 348, 360 (2000).

¶ 17 Both the United States and Illinois constitutions guarantee criminal defendants the right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; see also *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). This includes the "right to be *reasonably* informed with respect to the direct consequences of accepting or rejecting a plea offer." (Emphasis in original and internal quotation marks omitted.) *People v. Hale*, 2013 IL 113140, ¶ 16. A defendant claiming ineffective assistance must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687. At the first stage of postconviction proceedings, a court may not summarily dismiss a petition alleging ineffective assistance that arguably satisfies these prongs. *Hodges*, 234 Ill. 2d at 17.

¶ 18 To establish prejudice in the plea bargain context, a defendant must show:

"(1) [T]hat, but for his counsel's deficient advice, he would have accepted the plea offer, (2) that the plea would have been entered without the prosecution cancelling it, (3) that

the trial court would have accepted the bargain, assuming that it had discretion under state law to accept or reject it, and (4) that the end result of the criminal process would have been more favorable by reason of a plea." (Internal quotation marks omitted.) *People v. Walker*, 2018 IL App (1st) 160509, 31 (citing *Missouri v. Frye*, 566 U.S. 134, 147 (2012); *Lafler v. Cooper*, 566 U.S. 156, 163-64 (2012); *Hale*, 2013 IL 113140, ¶ 19).

"This showing of prejudice must encompass more than a defendant's own subjective, self-serving testimony. [Citations.] Rather, there must be independent, objective confirmation that defendant's rejection of the proffered plea was based upon counsel's erroneous advice, and not on other considerations." (Internal quotation marks omitted.) *Hale*, 2013 IL 113140, ¶ 18. If an ineffective assistance claim can be disposed because a defendant suffered no prejudice, this court is not required to address whether counsel's performance was deficient. *People v. Salas*, 2011 IL App (1st) 091880, ¶ 91.

¶ 19    In *Miller*, the defendant filed a postconviction petition alleging ineffective assistance of counsel in that he would have accepted the State's plea offer had he known about an applicable mandatory firearm enhancement. *Miller*, 393 Ill. App. 3d at 631. In support, the defendant attached two of his own affidavits, in which he stated counsel agreed to sign an affidavit but subsequently refused to do so, and one from his mother stating that she would have advised him to accept the plea offer had she known of the enhancement. *Id.* The circuit court summarily dismissed the petition. *Id.* On appeal, this court considered the defendant's claims to be "broad" and "conclusory" (*id.* at 640), and found the "only reasonable inference to be drawn from his rejection" of the plea offer was that he "desired to pursue his constitutional right to trial" (*id.* at

637). Thus, the defendant failed to demonstrate that he would have acted differently but for his counsel's advice. *Id.* at 640.

¶ 20    In this case, as in *Miller*, defendant has not established prejudice from counsel's allegedly deficient performance. Here, defendant was convicted of attempt first degree murder with the personal discharge of a firearm that caused great bodily harm. 720 ILCS 5/8-4(a) (West 2014); 720 ILCS 5/9-1(a) (West Supp. 2015). Section 8-4(c)(1)(D) of the Criminal Code of 2012 (720 ILCS 5/8-4(c)(1)(D) (West 2014)) provides that "an attempt to commit first degree murder during which the person personally discharged a firearm that proximately caused great bodily harm *** to another person is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court."

¶ 21    The record does not contain a transcript of the Rule 402 conference or any other discussion between the parties and the court regarding the proposed guilty plea and sentence. Notwithstanding, defendant attached only his own affidavit to his postconviction petition, which alleged that he would "likely" have accepted the State's plea offer of 15 years had he been made aware of the mandatory firearm enhancement. However, at sentencing, defendant stated that he was tried for a crime he did not commit.

¶ 22    This record conveys that rather than plead guilty in exchange for a 15-year sentence, defendant chose to maintain his innocence and proceed to trial. Because defendant's conduct indicates he likely would not have accepted the plea offer, he suffered no arguable prejudice from counsel's alleged failure to inform him of the mandatory enhancement. See *Hale*, 2013 IL 113140, ¶ 28 (finding no prejudice where the defendant rejected the plea offer based not on

counsel's alleged erroneous advice, but other considerations). Therefore, defendant's ineffective assistance claim fails for lack of prejudice. See *Salas*, 2011 IL App (1st) 091880, ¶ 91.

¶ 23    Nevertheless, defendant cites *People v. Hall*, 217 Ill. 2d 324 (2005), for his contention that "a *pro se* defendant is not expected to obtain an affidavit from counsel whose ineffectiveness he is alleging." In that case, the defendant's petition and his own affidavit specified that only he and his counsel were present during consultations where they discussed his guilty plea. *Hall*, 217 Ill. 2d at 333. Based on the detail provided by the defendant regarding the consultations, the supreme court concluded that it could reasonably infer that the defendant could only have provided an affidavit from himself or from his attorney. *Id.* at 333-34. Accordingly, the court found that under these circumstances, the defendant's own affidavit was sufficient documentation to support his claim that his guilty plea was involuntary, even without an affidavit from counsel. *Id.* at 334.

¶ 24    In contrast to *Hall*, here defendant's petition does not provide sufficient factual detail to allow the reasonable inference that an affidavit from counsel was the only documentation he could have provided. Defendant's petition asserts only that counsel never informed him of the mandatory firearm enhancement. His allegation does not explain when he met with counsel, who was present at said meetings, or what the discussions covered. Without this information, defendant's petition amounts to a broad, conclusory claim of ineffective assistance of counsel. Therefore, unlike in *Hall*, defendant's failure to attach the necessary supporting documentation to his petition will not be excused. See *id.* at 333-34.

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 26    Affirmed.