**NOTICE**
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180298-U

NO. 4-18-0298

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 12, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| KIMBERLY M. BEASLEY, | ) | No. 15CF633 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court did not err by dismissing defendant's postconviction petition at the first stage of the proceedings.

¶ 2     In October 2017, defendant, Kimberly M. Beasley, filed *pro se* a postconviction petition arguing her fourth amendment rights (U.S. Const., amend. IV) were violated when she was placed under arrest and she received ineffective assistance of counsel for several reasons.  In an October 2017 written order, the Champaign County circuit court dismissed defendant's postconviction petition, finding the petition was frivolous and patently without merit.

¶ 3     Defendant appeals, contending the circuit court erred by dismissing her postconviction petition because it stated the gist of a constitutional claim of ineffective assistance of counsel.  We affirm.

¶ 4                                I. BACKGROUND

¶ 5		On May 2, 2015, the police arrested defendant without a warrant after they found defendant's roommate and friend, James Torrince, dead in the apartment they shared. The State charged defendant with one count of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2014)) and four counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2014)) for Torrince's death. Two days later, defense counsel filed a motion for the appointment of a psychiatrist, asserting a *bona fide* doubt existed as to defendant's fitness and sanity. On June 30, 2015, the circuit court found defendant unfit to plead or stand trial. In September 2015, the court found defendant was then fit to plead or stand trial.

¶ 6		On May 4, 2016, the circuit court held a plea hearing. The parties' plea agreement provided defendant would plead guilty to a new charge of second degree murder (720 ILCS 5/9-2(a)(2) (West 2014)), the State would seek dismissal of the other five charges, and defendant would receive a sentence of 20 years' imprisonment. Defense counsel stated the following at the hearing:

> "[F]or the benefit of the Court and my client, as the Court knows, originally my client was found unfit. She was sent to [the Department of Human Services], restored to fitness. I had Dr. Jeckel evaluate her for—for sanity. He was unable to come to a conclusion, and so the Court was gracious enough and I was able to get Dr. Terry Killian from Springfield to examine [defendant] for sanity. He found that she would have been insane at the time. And obviously, [defendant] knows that if she were to proceed to trial, I would be obligated to present that [not guilty by reason of insanity] defense, and it's her—we're here of her own choosing. She decided to plead guilty."

The court reiterated defense counsel would have to present an insanity defense if the case went to

trial. The court then asked defendant if it was her decision to accept the plea agreement for 20 years' imprisonment with the other charges dismissed, and defendant responded in the affirmative. After hearing the factual basis, the court again confirmed defendant wanted to plead guilty. The court accepted the parties' plea agreement and sentenced defendant to 20 years' imprisonment. Defendant did not file a direct appeal.

¶ 7 On October 19, 2017, defendant filed *pro se* a postconviction petition asserting (1) unreasonable search and seizure when she was arrested, (2) defense counsel failed to explain her right to a speedy trial, (3) defense counsel failed to explain the laws and her rights to her, and (4) defense counsel failed to present defendant's case fully to the State. On October 31, 2017, the circuit court entered a written order, dismissing defendant's petition as frivolous and patently without merit. The court noted defendant's unreasonable search and seizure argument was not supported by attached documents and the other allegations were vague and unsupported. On April 9, 2018, defendant filed *pro se* an amendment to her postconviction petition.

¶ 8 On April 20, 2018, defendant filed a timely motion for leave to file a late notice of appeal under Illinois Supreme Court Rule 606(c) (eff. July 1, 2017). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the supreme court rules governing criminal appeals apply to appeals in postconviction proceedings). This court granted defendant's motion, and defendant filed her late notice of appeal, which sufficiently complied with Rule 606(d). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 9 II. ANALYSIS

¶ 10 On appeal, defendant argues the circuit court erred by dismissing defendant's postconviction petition where the petition stated the gist of a constitutional claim of ineffective assistance of counsel because it is arguable defense counsel improperly required defendant to

- 3 -

choose between a guilty plea and an insanity plea and failed to oppose the State's use of defendant's statements improperly obtained by the police.  The State argues (1) defendant forfeited her issues on appeal because she did not include them in her original petition and (2) the circuit court properly dismissed the postconviction petition.  We agree with the State defendant has forfeited her appellate claims.

¶ 11  The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010).  A proceeding under the Postconviction Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence.  *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371.  The defendant must show he or she suffered a substantial deprivation of his or her federal or state constitutional rights.  *People v. Caballero*, 228 Ill. 2d 79, 83, 885 N.E.2d 1044, 1046 (2008).

¶ 12  The Postconviction Act establishes a three-stage process for adjudicating a postconviction petition.  *English*, 2013 IL 112890, ¶ 23.  Here, defendant's petition was dismissed at the first stage.  At the first stage, the circuit court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit."  725 ILCS 5/122-2.1(a)(2) (West 2016).  To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim," which is "a low threshold" that requires the petition to contain only "a limited amount of detail."  *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  Our supreme court has held "a *pro se* petition seeking postconviction relief under the [Postconviction] Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable

basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record. *Hodges*, 234 Ill. 2d at 16, 912 N.E.2d at 1212. A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *Hodges*, 234 Ill. 2d at 16-17, 912 N.E.2d at 1212. "In considering a petition pursuant to [section 122-2.1 of the Postconviction Act], the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2016); see also *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010).

¶ 13    Our review of the first-stage dismissal of a postconviction petition is *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20, 963 N.E.2d 394. With the *de novo* standard, the reviewing court affords no deference to the circuit court's judgment or reasoning. *People v. Walker*, 2018 IL App (1st) 160509, ¶ 22, 128 N.E.3d 978. Essentially, the reviewing court performs the same analysis the circuit court would have performed. *Walker*, 2018 IL App (1st) 160509, ¶ 22. Additionally, the reviewing court may affirm the circuit court's judgment on any basis found in the record. *Walker*, 2018 IL App (1st) 160509, ¶ 23.

¶ 14    First, we address defendant's contention this court can consider the additional materials she filed on April 9, 2018, which was more than five months after the circuit court's dismissal of her postconviction petition. In support of her argument, defendant cites *People v. Coleman*, 2012 IL App (4th) 110463, ¶ 63, 981 N.E.2d 1178, which suggests courts can consider materials attached to a motion to reconsider a first stage dismissal. Here, defendant did not timely file a motion to reconsider, and thus the circuit court lacked jurisdiction to address the

new material she filed more than 30 days after the dismissal of her postconviction petition.  See *People v. Moore*, 2015 IL App (5th) 130125, ¶ 28, 32 N.E.3d 30 (noting the circuit court generally loses jurisdiction to vacate or modify its judgment 30 days after the judgment's entry).  Unlike in *Coleman*, the record is clear the circuit court in this case never considered the April 2018 materials.  Accordingly, we will not consider the additional materials defendant filed in April 2018.

¶ 15        On appeal, defendant argues her trial counsel was ineffective because counsel improperly insisted she plead not guilty by reason of insanity and failed to advise her of her right against self-incrimination or oppose the use of her statements to the police as a basis for her guilty plea.  However, in her October 2017 postconviction petition, defendant contended her trial counsel failed to (1) explain to her the procedure of a speedy trial, (2) present to her the motion of discovery, (3) explain the laws and her rights, and (4) present her case fully to the State.  No materials were attached to the petition to clarify the lack of specificity in defendant's postconviction petition.

¶ 16        In an appeal from the first stage dismissal of a postconviction petition, a petitioner and his or her postconviction appellate counsel may not raise an issue for the first time that was not included in the postconviction petition and never considered by the circuit court.  *People v. Cathey*, 2012 IL 111746, ¶ 21, 965 N.E.2d 1109; *People v. Pendleton*, 223 Ill. 2d 458, 470, 861 N.E.2d 999, 1006 (2006); see also 725 ILCS 5/122-3 (West 2016) ("Any claim of substantial denial of constitutional rights not raised in the original or [in] an amended petition is [forfeited]").  As our supreme court has explained, this is more than a routine matter of forfeiture; rather, it is a procedural bar that safeguards the integrity of the appellate process and as such it is a matter we cannot overlook.  *Cathey*, 2012 IL 111746, ¶¶ 20-21; *Pendleton*, 223 Ill.

2d at 475, 861 N.E.2d at 1009.  Additionally, our supreme court has stated the following:

> "Our detailed discussion of this issue is intended to stress that our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate [forfeiture] caused by the failure of a defendant to include issues in his or her postconviction petition." *People v. Jones*, 213 Ill. 2d 498, 508, 821 N.E.2d 1093, 1099 (2004).

¶ 17    Here, defendant's appellate briefs take liberties with the record when claiming her ineffective assistance claims were raised below.  Among other things, a postconviction petition must, "clearly set forth the respects in which [the] petitioner's constitutional rights were violated" (725 ILCS 5/122-2 (West 2016)), and any claim not set forth in the petition is forfeited (725 ILCS 5/122-3 (West 2016)).  " '[W]hile a *pro se* petition is not expected to set forth a complete and detailed factual recitation, it must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent.' " *Hodges*, 234 Ill. 2d at 10, 912 N.E.2d at 1208 (quoting *People v. Delton*, 227 Ill. 2d 247, 254-55, 882 N.E.2d 516, 520 (2008)).  While our task in reviewing a first stage dismissal is to examine the petition liberally and " 'with a lenient eye' " (*Hodges*, 234 Ill. 2d at 21, 912 N.E.2d at 1214 (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)), our review is not toothless. The claim in the defendant's petition "must bear some relationship to the issue raised on appeal" for "[l]iberal construction does not mean that we distort reality." *People v. Mars*, 2012 IL App (2d) 110695, ¶ 32, 985 N.E.2d 570.

¶ 18    In this case, defendant raised very vague claims against her defense counsel in her postconviction petition.  Defendant in no way raised an issue regarding counsel's advice regarding an insanity defense or the admissibility of defendant's statements to the police.  Thus,

we find defendant has forfeited the ineffective assistance of counsel issues she raises on appeal because defendant failed to include them in her October 2017 postconviction petition.

¶ 19                                    III. CONCLUSION

¶ 20          For the reasons stated, we affirm the Champaign County circuit court's judgment.

¶ 21          Affirmed.