2021 IL App (1st) 182280-U

No. 1-18-2280

Order filed March 31, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 13822 |
| | ) | |
| ANTIONE HOPKINS, | ) | Honorable |
| | ) | Arthur F. Hill Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The summary dismissal of defendant's *pro se* postconviction petition is affirmed over his contention that he raised an arguable claim of ineffective assistance of trial counsel.

¶ 2    Defendant Antione Hopkins appeals from the summary dismissal of his *pro se* petition for relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). On appeal, defendant contends that his petition raised an arguable claim that his trial

counsel was ineffective for not sufficiently advising him of the consequences of rejecting the State's plea offer. For the reasons that follow, we affirm.

¶ 3    Following a 2015 jury trial, defendant was convicted of two counts of armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2012)) and sentenced to two concurrent terms of nine years' imprisonment. We affirmed on direct appeal. *People v. Hopkins*, 2017 IL App (1st) 151754-U. Because we set forth the facts in our order on direct appeal, we recount them here only to the extent necessary to resolve the issue raised in this appeal.

¶ 4    Defendant's conviction arose from the events of June 27, 2013. Following his arrest, defendant was charged by information with two counts of AHC (720 ILCS 5/24-1.7(a) (West 2012)), two counts of unlawful use or possession of a weapon by a felon (UUWF) (720 ILCS 5/24-1.1(a) (West 2012)), and 12 counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1), (2) (West 2012)). The State proceeded to trial on the two counts of AHC (counts I and II) and the two counts of UUWF (counts III and IV).

¶ 5    Prior to trial, defendant filed a motion to suppress evidence, which the trial court denied following a hearing. At trial, Chicago police officer Marty Chatys testified that he was on patrol with his partner, Officer Carl Wasielewski, when he encountered a pickup truck driving without headlights on. After pulling over the truck, which was occupied by six men, Chatys approached the driver's side and noticed a passenger in the back seat lean down with his hands between his legs. The passenger, later identified as defendant, then kicked something under the seat. Chatys ordered defendant out of the truck and performed a protective pat-down. Wasielewski then ordered the remaining rear passengers to exit the truck from the opposite side as defendant. Chatys had

Wasielewski search the area where Chatys had observed defendant kick something. Wasielewski recovered two loaded revolvers from that area.

¶ 6      Wasielewski testified consistently with Chatys. He stated that after Chatys ordered defendant to exit the truck, Wasielewski asked the three other passengers in the rear seat to also exit. Chatys told Wasielewski, "he was hiding something down there," and pointed towards the driver's side rear bench near the door closest to Chatys. Wasielewski recovered two loaded revolvers from that area. He placed defendant into the back of the squad car and read him his *Miranda* rights. Defendant stated that his father, who was the driver of the truck, had nothing to do with the guns and that the guns belonged to defendant.

¶ 7      The parties stipulated that defendant had two prior qualifying offenses to satisfy the predicate elements for the offenses of AHC and UUWF.

¶ 8      The jury found defendant guilty of two counts of AHC and two counts of UUWF. The trial court denied defendant's written motion for a new trial and proceeded to sentencing.

¶ 9      Following presentation of arguments in aggravation and mitigation, defendant spoke in allocution. He stated, *inter alia*, that he was only present in the truck in order to "bring food back" to "the house." When the truck was stopped by the police, defendant was "wondering like why [are] they handcuffing me because I didn't violate any laws." He stated, "I am the only one on the scene handcuffed and everything and didn't even do nothing." He told the court that for nine months after his arrest, he asked for fingerprint testing to be conducted on the guns. When the test results eventually revealed no fingerprints or DNA, "after that I go to trial." The trial court merged the UUWF counts into the AHC counts, imposed two concurrent terms of nine years' imprisonment, and denied defendant's written motion to reconsider sentence.

¶ 10    On direct appeal, defendant contended that the trial court imposed an excessive sentence where it failed to adequately consider the nature of the crime and his nonviolent criminal background. We affirmed. *Hopkins*, 2017 IL App (1st) 151754-U.

¶ 11    On July 12, 2018, defendant filed the *pro se* postconviction petition at issue in this appeal. In the petition, defendant argued that AHC and UUWF had "the exact same elements" and, therefore, that AHC constituted a "double enhancement" and violated double jeopardy. Following this argument, defendant wrote as follows:

"With the law being unclear to defendants it falls on both State and defense counsel. Standard 4-1.2(b)(c)(d)(e). Standard 4-1.4(b). Counsel showed pure [i]neffectiveness by failing in his duty to ensure defendant's saf[e]ty and liberty. The State violated these same standards by offering defendant 2 to 5 years under the (UUWF) 720 ILCS 5/24-1.1, but opting to pull the offer because the (AHC) left no defense for the defendant with an overwhelming burden to prove his innocence.

At no time was the defendant ever admonished that the sentenced [*sic*] was to be served at 85%, with counsel presenting an offer from the State of 2 to 5 years at 50% defendant couldn't draw the assumption that at trial he could face anything more th[a]n the 50% of the time if found guilty.

(UUWF) is a lesser included offense of (AHC) which is a greater charge by class and by sentencing structure. If counsel would have presented the courts with the accurate information about the legal wording of (UUWF) and (AHC) the courts would have seen that the statute not only overlaps but it is actually the very same charge."

Defendant claimed that counsel should have "presented the argument for a lesser included offense," and asserted that it would have been "more plausible for the (UUWF) sentence to be imposed as to the harsher (AHC) sentence when no acts of violence occurred nor was the weapon discharged." Defendant attached his own affidavit, as required by section 122-1 of the Act (725 ILCS 5/122-1 (West 2018)), verifying that all of the facts presented in the petition were true and correct to the best of his recollection.

¶ 12    On August 28, 2018, the circuit court summarily dismissed the petition as frivolous and patently without merit. In its written order, the court rejected defendant's claims that AHC and UUWF are the same offense and it was unfair to sentence him on the more serious charge, that his trial counsel was ineffective for failing to point out that the offenses were the same, and that his sentence was excessive because he did not shoot the guns. Defendant prepared a *pro se* notice of appeal, which was postmarked on September 27, 2018, and was therefore timely. See *People v. Shines*, 2015 IL App (1st) 121070, ¶ 31 (pleadings are considered timely filed on the day they are placed in the prison mail system by an incarcerated defendant).

¶ 13    On appeal, defendant contends that his petition should have survived summary dismissal because it raised an arguable claim that his trial counsel was ineffective for not sufficiently advising him of the consequences of rejecting the State's plea offer.

¶ 14    In cases not involving the death penalty, the Act provides a three-stage process for adjudication. 725 ILCS 5/122-1 (West 2018); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The instant case involves the first stage of the process, during which the trial court independently assesses the petition, taking the allegations as true. *Hodges*, 234 Ill. 2d at 10. Based on this review, the trial

court must determine whether the petition "is frivolous or is patently without merit," and, if it so finds, dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2018).

¶ 15    A petition may be dismissed as frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16. A petition has no arguable basis in law when it is founded in "an indisputably meritless legal theory," for example, a legal theory that is completely belied by the record. *Id.* A petition has no arguable basis in fact when it is based on a "fanciful factual allegation," which includes allegations that are "fantastic or delusional" or contradicted by the record. *Id.* at 16-17; *People v. Morris*, 236 Ill. 2d 345, 354 (2010). Our review of a first-stage dismissal is *de novo*. *Hodges*, 234 Ill. 2d at 9. Pursuant to this standard, we review the trial court's judgment, not the reasons given for it. *People v. Jones*, 399 Ill. App. 3d 341, 359 (2010).

¶ 16    Traditionally, to establish ineffective assistance of counsel, a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, our supreme court has indicated that in the context of first-stage postconviction proceedings, a defendant need not conclusively establish these factors; in *Hodges*, our supreme court held that "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 17    In this court, defendant contends that his petition should not have been summarily dismissed because, construed liberally in his favor, it raised an arguable claim that trial counsel

did not sufficiently advise him of the consequences of rejecting the State's plea offer. He argues that he had a constitutional right to counsel who would reasonably inform him both of the content of the State's offer and the repercussions that would follow his decision to accept or reject it. He asserts that he made such an arguable claim where his petition alleged that counsel informed him of the State's offer of two to five years' imprisonment to be served at 50% in exchange for pleading guilty to UUWF, but failed to inform him that if he rejected that deal, the sentence he faced at trial would include a minimum six-year term to be served at 85% for AHC. According to defendant's argument, but for trial counsel's deficient advice about these consequences, he would have accepted the plea offer.

¶ 18 The State responds that summary dismissal was proper where there is no showing either that a plea offer had been made to defendant, or that he would have accepted such an offer.

¶ 19 A criminal defendant has the constitutional right to be reasonably informed with respect to the direct consequences of accepting or rejecting a plea offer. *People v. Hale*, 2013 IL 113140, ¶ 16. This right to effective assistance of counsel extends to the decision to reject a plea offer, even if the defendant receives a fair trial. *Id.* To show prejudice in the context of a plea bargain, a defendant must show a reasonable probability that (1) but for counsel's deficient advice, he would have accepted the plea offer, (2) the plea would have been entered without the prosecution cancelling it, (3) the trial court would have accepted the bargain, and (4) " 'the end result of the criminal process would have been more favorable by reason of the plea.' " *Id.* ¶ 19 (quoting *Missouri v. Frye*, 566 U.S. 134, 147 (2012)). If a defendant does not show that he would have accepted the State's plea offer but for counsel's deficient performance, then he cannot demonstrate prejudice and no need exists to address additional factors. *Id.* ¶ 21.

¶ 20    After reviewing the record, we find that the circuit court properly dismissed defendant's petition because it is patently without merit as he has not shown that he was arguably prejudiced by his counsel's alleged failure to inform him that he faced a minimum six-year sentence at 85% for AHC if he did not plead guilty. See *People v. Walker*, 2018 IL App (1st) 160509, ¶ 33.

¶ 21    First, as noted by the State, other than defendant's claims in his *pro se* petition, nothing in the record suggests that a plea offer was made to him. Although defendant attached an affidavit verifying the contents of his petition were true, as required by section 122-1 of the Act (725 ILCS 5/122-1 (West 2018)), defendant failed to attach an evidentiary affidavit, records or other evidence, as required by 122-2 of the Act (725 ILCS 5/122-2 (West 2018)). "The necessity of attaching 'affidavits, records, or other evidence' to the petition is addressed in section 122-2, which provides that '[t]he petition shall have attached thereto affidavits, records, or other evidence *supporting its allegations* or shall state why the same are not attached.' " (Emphasis in original.) *People v. Collins*, 202 Ill. 2d 59, 66-67 (2002) (quoting 725 ILCS 5/122-2 (West 2000)). In light of the language from these two sections, the affidavit requirement of section 122-1 "serves a purpose wholly distinct" from the requirement of section 122-2. *Id.* at 67. The requirement of section 122-1 "confirms that the allegations are brought truthfully and in good faith" while the requirement of section 122-2 "shows that the verified allegations are capable of objective or independent corroboration." *Id.* Equating the requirements of both sections confuses their purpose. *Id.*

¶ 22    A defendant's claims in a *pro se* petition must set forth " 'facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent.' " *Hodges*, 234 Ill. 2d at 10 (quoting *People v. Delton*, 227 Ill. 2d 247, 254-55 (2008)). We are aware that by their nature, postconviction claims often arise from events that are not reflected in the record.

However, defendant has not offered any explanation for the absence of corroboration of his claim that he was offered the option of pleading guilty to UUWF in exchange for a sentence of two to five years at 50%. The absence of either supporting evidence or a sufficient explanation for its absence justifies summary dismissal of a postconviction petition. *Collins*, 202 Ill. 2d at 66.

¶ 23     Second, and more important, defendant did not claim in his petition that but for his counsel's ineffectiveness, he would have accepted the alleged plea offer. Thus, based on the allegations in the petition, defendant cannot claim to be arguably prejudiced. See *Hale*, 2013 IL 113140, ¶ 21 ("to establish the prejudice prong of *Strickland*, a defendant must show that he would have accepted the State's plea offer had counsel's performance not been deficient"). In turn, it is not arguable that there is a reasonable probability the proceedings would have been different absent counsel's alleged ineffectiveness. See *id.* ¶ 18. Defendant's assertion in this court that he would have pled guilty amounts to no more than "subjective, self-serving [testimony]" that is insufficient to satisfy prejudice under *Strickland*. *People v. Miller*, 393 Ill. App. 3d 629, 639 (2009); see also *Hale*, 2013 IL 113140, ¶ 18.

¶ 24     We are mindful that a disparity between the sentence faced and a significantly shorter plea offer can support a claim of prejudice. *Hale*, 2013 IL 113140, ¶ 18. But, the showing of prejudice still "must encompass more than a defendant's own self-serving testimony." *Id.* Here, defendant faced Class-X sentences of 6 to 30 years for AHC (730 ILCS 5/5-4.5-25(a) (West 2012)) and was sentenced to two concurrent nine-year terms. Defendant does not claim he was unaware of the sentencing range for AHC; he only stated in his petition that he was unaware that a sentence for AHC would have to be served at 85%. Taking as true defendant's assertion in his petition that he "couldn't draw the assumption that at trial he could face anything more th[a]n the 50% of the time

if found guilty," it nevertheless remains that defendant was willing to risk a possible 30-year sentence—whether served at 50% or 85%—in the hope of acquittal, rather than accept the alleged plea offer. See *Walker*, 2018 IL App (1st) 160509, ¶¶ 32-34 (affirming summary dismissal and finding no prejudice from 53-year sentence where the defendant turned down a 27-year plea offer and was willing to risk a possible 60-year sentence in the hope of being acquitted) see also *Hale*, 2013 IL 113140, ¶¶ 8, 28 (finding no prejudice from 40-year total sentence where the "defendant was willing to risk a 30-year sentence and go to trial, rather than plead guilty in exchange for a 15-year sentence").

¶ 25 The record shows that defendant's theory at trial was that the State's case was entirely circumstantial and the guns reasonably could have belonged to any of the six men in the truck. At sentencing, defendant persisted in his innocence, stating in allocution that he did not violate any laws or do anything to merit being handcuffed. He also stated that he pressed for fingerprint testing for months, and that when the results revealed no fingerprints or DNA on the guns, "after that I go to trial." The only reasonable inference from this record is that defendant did not desire to plead guilty, but rather, intended to pursue his defense and hold the State to its burden of proving his guilt beyond a reasonable doubt. See *Miller*, 393 Ill. App. 3d at 636-37 (affirming summary dismissal and finding that claim of ineffective assistance of counsel failed on prejudice where "the only reasonable inference" from the defendant's rejection of a plea offer was that he desired to assert his claim of self-defense at trial and "lost his gamble"). Given this record, defendant has not made an arguable showing of prejudice, *i.e.*, a showing that he would have pled guilty had counsel's performance not been deficient. See *Hale*, 2013 IL 113140, ¶ 21.

¶ 26    Where defendant cannot show prejudice, he has failed to present an arguable claim of ineffective assistance of counsel. See *Walker*, 2018 IL App (1st) 160509, ¶ 38; *Miller*, 393 Ill. App. 3d at 640. Accordingly, the circuit court did not err in summarily dismissing his petition.

¶ 27    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 28    Affirmed.