# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Longbrake, 2013 IL App (4th) 120665**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIK C. LONGBRAKE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0665 |
| Filed | October 11, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's *sua sponte* dismissal of defendant's postconviction petition after the mandatory 90-day period was reversed and the cause was remanded for second-stage proceedings on the petition, and based on section 411.2(a)(3) of the Illinois Controlled Substances Act, which provides for a $1,000 assessment for a Class 2 felony, the sentencing judgment showing a $2,000 drug assessment for each of defendant's two Class 2 felonies of unlawful delivery of a controlled substance was corrected to show a $1,000 drug assessment for each conviction. |
| Decision Under Review | Appeal from the Circuit Court of Adams County, No. 09-CF-270; the Hon. Chet W. Vahle, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier and Thomas A. Lilien, both of State Appellate Defender's Office, for appellant.

Jonathan H. Barnard, State's Attorney, of Quincy (Patrick Delfino, Robert J. Biderman, and Luke McNeill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Appleton and Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1    In October 2009, a jury convicted defendant, Erik C. Longbrake, of two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2008)). The trial court later sentenced him to concurrent five-year prison terms. As part of his sentence, the court ordered defendant to pay a $2,000 drug assessment for each count. In September 2011, this court affirmed defendant's convictions and sentences, but we did not issue our mandate until January 18, 2012. *People v. Longbrake*, 2011 IL App (4th) 100030-U.

¶ 2    On October 13, 2011, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2010)). On January 6, 2012, the trial court *sua sponte* dismissed defendant's petition with leave to refile, concluding it was not ripe for review because defendant's appeal was still pending and the trial court did not have access to the trial transcripts. Following this court's mandate, defendant refiled his postconviction petition on February 23, 2012. The court dismissed this petition on May 16, 2012, finding it was patently without merit and failed to state the gist of a constitutional claim.

¶ 3    Plaintiff appeals, arguing that the trial court erred by (1) *sua sponte* dismissing his October 13, 2011, postconviction petition without prejudice and with leave to refile and (2) dismissing his petition as frivolous and patently without merit on May 16, 2012, more than 90 days after he first filed his petition. Defendant also argues that the $2,000 drug assessment for each count must be reduced to $1,000 each. We agree and reverse.

¶ 4                                    I. BACKGROUND
¶ 5    In October 2009, a jury convicted defendant of two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2008)). In January 2010, after denying his

posttrial motion, the trial court sentenced defendant to concurrent five-year prison terms. The court also ordered a $2,000 assessment for each of the two drug convictions. In September 2011, this court affirmed defendants convictions and sentences. *Longbrake*, 2011 IL App (4th) 100030-U. Appellate counsel immediately filed a petition for leave to appeal, which the Illinois Supreme Court denied on November 30, 2011. *People v. Longbrake*, No. 113155 (Ill. Nov. 30, 2011).

¶ 6 On October 13, 2011–while his appeal was pending–defendant filed a petition for postconviction relief pursuant to the Act. On January 6, 2012, the trial court entered an order dismissing the petition *sua sponte* with leave to refile, finding defendant's petition was not ripe for consideration because the appellate court had not yet filed its mandate or returned the transcript to the trial court, thus precluding the court from reviewing the transcript to consider the allegations of constitutional error.

¶ 7 On January 18, 2012, this court issued our mandate ending defendant's appeal. On February 23, 2012, defendant refiled his postconviction petition. On May 16, 2012, the trial court entered a handwritten order denying defendant's petition and noting a formal order would follow. On June 12, 2012, a formal order was entered that dismissed the petition as patently without merit and failing to state the gist of a constitutional claim.

¶ 8 This appeal followed.

¶ 9 II. ANALYSIS

¶ 10 Plaintiff argues that the trial court erred by (1) *sua sponte* dismissing his October 13, 2011, postconviction petition without prejudice and with leave to refile and (2) dismissing his petition as frivolous and patently without merit on May 16, 2012, more than 90 days after he first filed his petition. Defendant also argues that the $2,000 drug assessment for each count must be reduced to $1,000 each. We address defendant's arguments in turn.

¶ 11 A. Dismissal of the October 13, 2011, Postconviction Petition

¶ 12 The dismissal of a postconviction petition without an evidentiary hearing is reviewed *de novo*. *People v. Harris*, 224 Ill. 2d 115, 123, 862 N.E.2d 960, 965 (2007).

¶ 13 The Act sets out a three-stage process for consideration of a postconviction petition. In the first stage of review, the circuit court *must* examine the petition within 90 days of its filing *and either* (1) enter an order dismissing it as frivolous or patently without merit *or* (2) docket it for further consideration at the second stage of the postconviction proceedings. 725 ILCS 5/122-2.1 (West 2010). This 90-day time limit is mandatory. See *People v. Porter*, 122 Ill. 2d 64, 82-85, 521 N.E.2d 1158, 1165-66 (1988) (concluding the 30-day time limit provided by the statute at that time was mandatory). A court's failure to comply with the mandatory 90-day time limit renders any subsequent summary dismissal void. *People v. Brooks*, 221 Ill. 2d 381, 389, 851 N.E.2d 59, 63 (2006).

¶ 14 In this case, the trial court dismissed defendant's October 13, 2011, postconviction petition, concluding it was not ripe for consideration because the appellate court had not yet issued its mandate and, thus, the circuit court did not have access to the transcripts. However,

our supreme court has recognized a postconviction case may proceed at the same time as a direct appeal. *Harris*, 224 Ill. 2d at 126, 862 N.E.2d at 967-68. As defendant concisely notes in his brief, citing *Harris*, 224 Ill. 2d at 126-29, 862 N.E.2d at 967-69, "[t]here is no basis in either the language of the Act or the Supreme Court's jurisprudence for a circuit court to hold a petition in abeyance during a direct appeal or to dismiss the petition without prejudice to re-fil[e] after the conclusion of the appeal."

¶ 15    More important, although the trial court's concern that it was unable to review the transcripts is understandable, the absence of the record simply makes no difference because the 90-day time limit is absolute. "[I]n considering a postconviction petition at the first stage of the proceedings, the court can examine the following: 'the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding[,] and any transcripts of such proceeding.' " *People v. Dorsey*, 404 Ill. App. 3d 829, 833, 942 N.E.2d 535, 539 (2010) (quoting 725 ILCS 5/122-2.1(c) (West 2008)). Indeed, if the court presided over the hearing from which the defendant bases his postconviction petition, the court may consider its notes of the proceedings and its recollections, or it may rely on its experience. The overarching, paramount requirement is that the court *must act within 90 days* based upon whatever information it possesses if it is going to dismiss the petition at the first stage on the grounds that it is frivolous or patently without merit. If the court fails to enter an order dismissing a postconviction petition as frivolous or patently without merit within 90 days, it *must* docket the petition for second-stage proceedings. 725 ILCS 5/122-2.1 (West 2010).

¶ 16    We reject the State's contention that any error was harmless because the trial court allowed him to refile after the mandate was issued. Given the clear statutory mandate, harmless error analysis is not appropriate if the 90-day deadline is not met. Accordingly, we remand for second-stage proceedings pursuant to the Act (725 ILCS 5/122-4 to 122-6 (West 2010)).

¶ 17                                    B. Drug Assessments

¶ 18    Defendant also contends that, pursuant to statute, the $2,000 drug assessment for each count must be reduced to $1,000 each. The State concedes this issue. We accept the State's concession.

¶ 19    A sentence in conflict with a statute is void and may be challenged at any time. *People v. Roberson*, 212 Ill. 2d 430, 440, 819 N.E.2d 761, 767 (2004). Defendant was convicted of two Class 2 felonies. 720 ILCS 570/206(b)(1)(xiv), 401(d) (West 2008). Section 411.2(a)(3) of the Illinois Controlled Substances Act provides for a $1,000 assessment for a Class 2 felony. 720 ILCS 570/411.2(a)(3) (West 2008). Accordingly, we remand to the trial court with directions to correct the sentencing judgment to show a $1,000 drug assessment for each conviction.

¶ 20                                    III. CONCLUSION

¶ 21    For the reasons stated, we reverse the trial court's *sua sponte* dismissal of defendant's October 13, 2011, postconviction petition and remand for second-stage proceedings; we also

remand with directions to correct the sentencing judgment to reflect a $1,000 drug assessment for each conviction.

¶ 22        Reversed and remanded with directions.