NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180195-U

NO. 4-18-0195

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 27, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| LYN Y. NIEMANN, | ) | No. 13CF488 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err by dismissing defendant's postconviction petition at
the first stage of the proceedings.

¶ 2    After a lengthy trial, a jury found defendant, Lyn Y. Niemann, guilty of eight

counts of predatory sexual assault of a child. The circuit court sentenced defendant to natural

life in prison on each count. Defendant appealed, and this court affirmed his convictions and

sentences. *People v. Niemann*, 2016 IL App (4th) 140423-U. In October 2017, defendant filed

*pro se* a postconviction petition, arguing, *inter alia*, he was denied his right to be confronted with

the witnesses against him because the construction of the judge's bench blocked his view of the

child victims when they testified against him. See U.S. Const., amend. VI; Ill. Const. 1970,

art. I, § 8 (amended 1994). Defendant also argued he told defense counsel about the problem,

but counsel did not act. In a January 2018 written order, the Champaign County circuit court

dismissed defendant's postconviction petition, finding the petition was frivolous and patently without merit.

¶ 3        Defendant appeals, arguing he stated the gist of a constitutional claim a violation of the confrontation clause occurred because the judge's bench blocked defendant's view of the child witnesses when the children testified and ineffective assistance of counsel based on counsel's failure to address the problem. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        The State charged defendant by information with, *inter alia*, eight counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)). The information alleged, in 2012, defendant committed acts of sexual penetration with An. N. (born December 2000), Ad. N. (born April 2003), and D.K. (born March 2002), who were under 13 years of age at that time. The victims involved were defendant's fiancée's children, An. N. and Ad. N., and a child who was a friend of the family's, D.K.

¶ 6        From March 31, 2014, to April 4, 2014, a jury trial was held on the eight counts of predatory criminal sexual assault of a child. The State presented the testimony of 16 witnesses, including the three alleged victims. Before the children testified, the circuit court cleared the courtroom of all spectators except for the media and D.K.'s grandfather when D.K. testified. The court allowed the prosecutor to walk each child to the witness stand and adjust the microphone for the witness. The court did not make any other changes for the children's testimony. During each child's testimony, the prosecutor asked permission for the witness to stand up, which the court granted without objection. The prosecutor then asked each child to look around the courtroom and identify defendant. Each child then sat back down after identifying defendant. The victims each testified about defendant's actions toward them and

seeing defendant sexually abuse the other two. Defendant testified on his own behalf and presented the testimony of two adult witnesses. None of the adult witnesses who identified defendant during trial stood when making the identification. At the conclusion of the trial, the jury found defendant guilty on all eight counts of predatory criminal sexual assault of a child.

¶ 7 Defendant filed a motion for acquittal, or, in the alternative, a motion for a new trial. Defendant did not raise an issue in the motion regarding his ability to view the child witnesses. At a May 2014 hearing, the circuit court denied defendant's posttrial motion and sentenced defendant to natural life in prison on each of the eight counts.

¶ 8 Defendant appealed, asserting he was denied a fair trial due to the improper testimony of two of the State's witnesses. This court affirmed defendant's convictions and sentences. *Niemann*, 2016 IL App (4th) 140423-U.

¶ 9 On October 25, 2017, defendant filed *pro se* a postconviction petition, arguing, *inter alia*, he was denied his right to be confronted with the witnesses against him because the construction of the judge's bench blocked his view of the child victims when they testified against him. Defendant also asserted ineffective assistance of counsel based on counsel's failure to address his inability to view the child witnesses. In his petition, defendant alleged his view of the child witnesses was "blocked due to the location of the defense table in relation to the witness stand." The matter was "compounded by the fact that the Judges bench, which was attached to the witness box was built higher than that of the witness box." According to defendant, "[a]ny witness that is short in stature that was seated would be blocked by the corner and trim work of the Judges bench."

¶ 10 On January 18, 2018, the circuit court filed a 10-page written order, dismissing defendant's postconviction petition as frivolous and patently without merit. Thereafter,

defendant filed a motion to advance his petition to the second stage of the postconviction proceedings, which the court denied on January 29, 2018.

¶ 11 On May 29, 2019, defendant filed a timely motion for leave to file a late notice of appeal under Illinois Supreme Court Rule 606(c) (eff. July 1, 2017). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the supreme court rules governing criminal appeals apply to appeals in postconviction proceedings). This court granted defendant's motion, and defendant filed his late notice of appeal, which sufficiently complied with Rule 606(d). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 12 II. ANALYSIS

¶ 13 The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010). A proceeding under the Postconviction Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The defendant must show he suffered a substantial deprivation of his federal or state constitutional rights. *People v. Caballero*, 228 Ill. 2d 79, 83, 885 N.E.2d 1044, 1046 (2008).

¶ 14 The Postconviction Act establishes a three-stage process for adjudicating a postconviction petition. *English*, 2013 IL 112890, ¶ 23. Here, defendant's petition was dismissed at the first stage. At the first stage, the circuit court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim," which is "a low threshold" that

- 4 -

requires the petition to contain only "a limited amount of detail." *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). Our supreme court has held "a *pro se* petition seeking postconviction relief under the [Postconviction] Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). A petition lacks an arguable legal basis when it is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record. *Hodges*, 234 Ill. 2d at 16, 912 N.E.2d at 1212. A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *Hodges*, 234 Ill. 2d at 16-17, 912 N.E.2d at 1212. "In considering a petition pursuant to [section 122-2.1 of the Postconviction Act], the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2016); see also *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010).

¶ 15 Our review of the first-stage dismissal of a postconviction petition is *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20, 963 N.E.2d 394. With the *de novo* standard, the reviewing court affords no deference to the circuit court's judgment or reasoning. *People v. Walker*, 2018 IL App (1st) 160509, ¶ 22, 128 N.E.3d 978. Essentially, the reviewing court performs the same analysis the circuit court would have performed. *Walker*, 2018 IL App (1st) 160509, ¶ 22. Additionally, the reviewing court may affirm the circuit court's judgment on any basis found in the record. *Walker*, 2018 IL App (1st) 160509, ¶ 23.

¶ 16 On appeal, defendant only asserts his (1) confrontation clause argument and (2) ineffective assistance of counsel argument based on his inability to see the child witnesses

- 5 -

stated the gist of a constitutional claim. In support of his confrontation clause argument, defendant cites our supreme court's decision in *People v. Lofton*, 194 Ill. 2d 40, 62, 740 N.E.2d 782, 795 (2000), where it held the circuit court's use of podiums, which prevented the child witness and the defendant from seeing one another during the child's testimony, violated defendant's right to confrontation guaranteed by both the United States and Illinois Constitutions. The State asserts defendant's claim fails because he did not comply with the supporting evidence requirement of section 122-2 of the Postconviction Act (725 ILCS 5/122-2 (West 2016)) for this claim. Defendant argues the circuit court's findings in dismissing his petition and the record support his statement he could not see the child witnesses. Additionally, citing *People v. Hall*, 217 Ill. 2d 324, 333, 841 N.E.2d 913, 919 (2005), defendant contends he was not required to provide an affidavit from his attorney.

¶ 17            Section 122-1(b) of the Postconviction Act (725 ILCS 5/122-1(b) (West 2016)) requires a postconviction petition to be verified by affidavit. Additionally, section 122-2 of the Postconviction Act (725 ILCS 5/122-2 (West 2016)) requires the allegations in the petition be supported by affidavits, records, or other evidence. If this documentation required by section 122-2 is not attached to the postconviction petition, then the petition must explain why it is unavailable. 725 ILCS 5/122-2 (West 2016).

¶ 18            We first address section 122-2's application to defendant's ineffective assistance of counsel claim. In *Hall*, 217 Ill. 2d at 334, 841 N.E.2d at 919, the supreme court found the documentation attached to the defendant's postconviction petition in support of his ineffective assistance of counsel claim was sufficient to comply with section 122-2. There, the defendant appealed the circuit court's dismissal of his postconviction petition at the second stage of the proceedings, and the State challenged the sufficiency of the petition's supporting documentation

on appeal. *Hall*, 217 Ill. 2d at 331, 841 N.E.2d at 918. To his postconviction petition, the defendant had attached "the transcript of the guilty plea hearing, a copy of the charging instrument, and an affidavit setting forth in detail the alleged misrepresentations of his attorney." *Hall*, 217 Ill. 2d at 332-33, 841 N.E.2d at 919. The affidavit was the defendant's own affidavit. *Hall*, 217 Ill. 2d at 329, 841 N.E.2d at 917. Given the defendant's allegations arose from conversations at which only the defendant and his attorney were present, the supreme court noted the only other affidavit the defendant could have furnished was that of his attorney and such an affidavit would be difficult or impossible to obtain. *Hall*, 217 Ill. 2d at 333, 841 N.E.2d at 919.

¶ 19 In reaching its holding in *Hall*, the supreme court distinguished its prior decision in *People v. Collins*, 202 Ill. 2d 59, 782 N.E.2d 195 (2002). *Hall*, 217 Ill. 2d at 332-33, 841 N.E.2d at 919. In *Collins*, 202 Ill. 2d at 62, 782 N.E.2d at 196, the defendant filed a *pro se* postconviction petition alleging his trial counsel failed to assist him in filing an appeal and seeking a reduction of his sentence. The defendant did provide a sworn verification of his petition but did not attach any other supporting documentation. *Collins*, 202 Ill. 2d at 62, 782 N.E.2d at 196. The circuit court summarily dismissed the defendant's petition at the first stage. *Collins*, 202 Ill. 2d at 62, 782 N.E.2d at 196. On review, the supreme court found the defendant did not comply with the requirements of section 122-2 because his petition was not supported by documentation and did not explain the absence of such documentation. *Collins*, 202 Ill. 2d at 66, 782 N.E.2d at 198. The supreme court further found the defendant's failure to comply with section 122-2 justified the summary dismissal of his postconviction petition. *Collins*, 202 Ill. 2d at 66, 782 N.E.2d at 198.

¶ 20 This case is similar to *Collins*, not *Hall*. Defendant is appealing the dismissal of his petition at the first stage of the proceedings and only provided a sworn verification in support

of his ineffective assistance of counsel claim. Unlike *Hall*, defendant did not provide his own affidavit detailing his discussions with counsel regarding defendant's inability to see the victim witnesses. Further, as in *Collins*, defendant failed to explain why such supporting documentation was unavailable. Thus, defendant's ineffective assistance of counsel claim fails for a lack of documentation.

¶ 21   The sufficiency of documentation regarding defendant's confrontation clause claim is less clear. The claim is based on matters outside the record on direct appeal, as the record on direct appeal did not describe the setup of the trial courtroom and how defendant's view of the child victims was blocked. Defendant did not attach any supporting documents to his postconviction petition regarding the setup of the courtroom and his lack of view. Without citation to authority, defendant contends the setup of the courtroom was capable of objective and independent corroboration because the evidence supporting his assertion was right in front of the judge tasked with ruling on his postconviction petition. Ironically, defendant criticizes that same judge's description of defendant's chair and defendant's ability to move in the courtroom because it was not supported by the record. Defendant cannot have it both ways.

¶ 22   Defendant should have provided an affidavit describing the courtroom setup and explaining how his view was blocked during the testimony of the child victims since such matters were outside the record and the judge who presided over his trial may not have been the judge who ruled on his postconviction petition. However, since defendant's postconviction petition came before the same judge who presided over his trial, the judge could corroborate or refute defendant's allegations regarding the layout of the courtroom and his ability to view the child witness. This court has recognized the circuit court "may consider its notes of the proceedings and its recollections, or it may rely on its experience" when it presided over the

proceedings from which the defendant based his postconviction petition. *People v. Longbrake*, 2013 IL App (4th) 120665, ¶ 15, 996 N.E.2d 1263. Thus, we do not find defendant's confrontation clause fails for failing to comply with section 122-2.

¶ 23    In denying defendant's postconviction petition, the circuit court noted the following about the courtroom where defendant's trial took place:

> "Every courtroom in the Champaign County Courthouse, including the one where this trial was held, is constructed so that the corner of the trim on the bench is higher, and can block out the view of a short witness from one end of the defendant's table. However, the witness stand can be viewed from the other end of defense counsel table. The petitioner in this case was unrestrained at all times during the trial and free to adjust or move his chair at any time, which he in fact did to view the videotaped interviews being played in the courtroom. He was never barred or prevented from readjusting his position at the table. Petitioner's chair was on castors which rolled freely, and at any time he was able to roll his chair along the counsel table to allow a view of the witness stand. He was free and able to position himself to do so throughout the trial."

¶ 24    In *Lofton*, cited by defendant in support of his confrontation clause claim, the circuit court explained it arranged the courtroom in the following manner: " 'the alleged victim is seated in a chair directly in front of the jury box. Behind her are two podiums that are placed together, and seated next to her is our court reporter, Miss Hogan.' " *Lofton*, 194 Ill. 2d at 47, 740 N.E.2d at 787. Defense counsel noted on the record he and the defendant could not see the alleged victim from where they sat. *Lofton*, 194 Ill. 2d at 47, 740 N.E.2d at 787. The court stated defense counsel could move to observe the witness. *Lofton*, 194 Ill. 2d at 47, 740 N.E.2d

at 787. After the witness testified, the court noted defendant remained at counsel table and could not see the alleged victim as she testified. *Lofton*, 194 Ill. 2d at 49, 740 N.E.2d at 788. Thus, as the *Lofton* court noted, the barricade the circuit court erected behind the alleged victim completely precluded the defendant from seeing her while she testified. *Lofton*, 194 Ill. 2d at 60, 740 N.E.2d at 794. Given the barricade completely blocked defendant's view of the alleged victim's testimony, the barricade "limited the defendant's ability to aid in the cross-examination of the witness and thereby impinged upon the truth-seeking purpose of the confrontation clause." *Lofton*, 194 Ill. 2d at 61, 740 N.E.2d at 794. Accordingly, the supreme court concluded the admission of the alleged victim's testimony was incompatible with the confrontation clause. *Lofton*, 194 Ill. 2d at 61, 740 N.E.2d at 794.

¶ 25        In this case, the circuit court did not prevent defendant from viewing the child witnesses. While the court did recognize the construction of the judicial bench could have blocked defendant's view of the testifying child if he was sitting on one end of the defense table, the bench did not block defendant's view if he was sitting at the opposite end of the defense table. The court further noted defendant's chair was on castors and defendant was free to move around to see the evidence presented. In fact, defendant did so to watch video recordings presented by the State. Thus, in this case, defendant's own failure to adjust his chair to view the child witnesses was the reason for his inability to view the witnesses and not any action taken by the circuit court. Accordingly, the record in this case does not establish a violation of the confrontation clause. As such, defendant's confrontation clause claim lacks an arguable basis in law.

¶ 26        The only two issues defendant raises from his postconviction petition on appeal are both insufficient to move on to the second stage of the postconviction proceedings.

Accordingly, we find the circuit court properly dismissed defendant's petition as frivolous and patently without merit.

¶ 27                                    III. CONCLUSION

¶ 28            For the reasons stated, we affirm the Champaign County circuit court's judgment.

¶ 29            Affirmed.