# Illinois Official Reports

## Appellate Court

---

### *In re J.P.*, 2016 IL App (1st) 161518

---

| | |
|---|---|
| Appellate Court Caption | *In re* J.P., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Tanisha C., Respondent-Appellant). |
| District & No. | First District, Second Division<br>Docket No. 1-16-1518 |
| Filed | October 31, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-JA-455; the Hon. Kimberly D. Lewis and the Hon. Maxwell Griffin, Jr., Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Amy P. Campanelli, Public Defender, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago, for the People.<br><br>Marv Raibard, of Chicago, guardian *ad litem*. |
| Panel | PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Justices Neville and Pierce concurred in the judgment and opinion. |

¶ 1      Respondent Tanisha C. is the biological mother of the minor, J.P. The public defender of Cook County, Tanisha's attorney, has moved for leave to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), based on the conclusion that there are no meritorious issues raised in this appeal. Although the motion cites *Finley*, counsel has filed a brief referring to matters that might arguably support an appeal, complying with the stricter standard for withdrawal established in *Anders v. California*, 386 U.S. 738 (1967). Copies of the motion and brief were sent to respondent advising her to submit any points in support of the appeal. She has not responded.

¶ 2      Tanisha seeks to appeal from trial court orders that (i) found the minor was abused or neglected due to an injurious environment, physical abuse, and substantial risk of physical injury (705 ILCS 405/2-3(1)(b), (2)(i)-(ii) (West 2014)); (ii) made no finding on the identity of the perpetrator of the abuse and neglect; (iii) determined respondent is unable, for reasons other than financial circumstances alone, to care for, protect, train, or discipline the minor (705 ILCS 405/2-27 (West 2014)); and (iv) adjudged the minor to be a ward of the court and placed her in the custody and guardianship of the Department of Children and Family Services. (The trial court also determined that Julius P., the father of J.P., was unable, for reasons other than financial circumstances alone, to care for, protect, train, or discipline the minor. He is not a party to this appeal.)

¶ 3                    Withdrawal from Representation in Parental Rights Cases

¶ 4      Before considering the motion, we wish to address the correct manner by which appellate counsel should seek to withdraw from representation on direct appeal, where the respondent appeals from orders affecting parental rights under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2014). No decision from the First District has resolved this issue, and, in similar cases before this court, appellants' attorneys have sought leave to withdraw under *Anders* or *Finley*. Therefore, we clarify that the correct procedure for withdrawing from representation follows the decision of the United States Supreme Court in *Anders*, rather than *Finley*. See *In re S.M.*, 314 Ill. App. 3d 682, 685 (2000) ("The procedure for appellate counsel to withdraw as outlined in *Anders* applies to findings of parental unfitness and termination of parental rights.").

¶ 5      In clarifying the appropriate procedure, we briefly contrast the holdings in *Anders* and *Finley*. In *Anders*, appointed counsel may request leave to withdraw from representation on direct appeal. *Anders*, 386 U.S. at 744. Recognizing that indigent defendants for whom appellate counsel is appointed must receive "the same rights and opportunities" enjoyed by defendants who can afford private counsel, the Court determined that appointed counsel must act as "an active advocate," even in the absence of issues of merit. *Id.* at 744-45.

¶ 6      As this court has explained, the *Anders* process consists of four steps. See *In re S.M.*, 314 Ill. App. 3d at 685. First, counsel must file a brief that refers to anything in the record that might arguably support the appeal, even though not a basis for appellate relief, or that might arguably be meritorious in the judgment of the client, another attorney, or the court. *Id.* Next, counsel must "(a) sketch the argument in support of the issues that could conceivably be raised on appeal, and then (b) explain why [counsel] believes the arguments are frivolous." *Id.* Then, counsel must conclude that no viable grounds exist for the appeal. *Id.* Finally, counsel, "to

properly fulfill \*\*\* responsibilities under *Anders*," should attach transcripts of the relevant hearings, including, in cases involving termination of parental rights cases, the fitness and best interests hearings. *Id.*

¶ 7 In *Finley*, by contrast, the Court held that the *Anders* procedure is not required where counsel seeks to withdraw from representation on collateral appeal. *Finley*, 481 U.S. at 554-55. The Court explained that states may elect to recognize a right to counsel in collateral proceedings but are not so required by the United States Constitution. *Id.* at 556-57. Consequently, states need not impose *Anders'* "prophylactic framework" when appellate counsel requests leave to withdraw on collateral appeal, as "no [federal constitutional] obligation to provide this avenue of relief" exists. *Id.* at 555, 557.

¶ 8 As we have stated, *Anders*, and not *Finley*, provides the correct procedure where counsel seeks to withdraw from representation on direct appeal from orders affecting parental rights under the Act. Although proceedings related to parental rights are civil in nature, and a parent's right to counsel is statutory (705 ILCS 405/1-5(1) (West 2014)), nonetheless, *Anders* applies because it "put[s] the indigent appellants on the same footing as those able to afford private counsel and accomplishes the constitutional and statutory purpose for their appointment." *In re Keller*, 138 Ill. App. 3d 746, 747-48 (1985). Also, "[t]ermination of parental rights is a serious matter" (*In re Adoption of H.B.*, 2012 IL App (4th) 120459, ¶ 18), which affects responsibilities "of deep human importance" (*In re S.M.*, 314 Ill. App. 3d at 685). Given these equitable considerations, the motion for leave to withdraw as counsel should specifically cite to *Anders.*

¶ 9 Review in This Case

¶ 10 Here, we observe that counsel's motion included a memorandum of law that meets the *Anders* requirements. We have carefully reviewed the record, along with counsel's brief, and find no issues of arguable merit to be asserted on appeal. Therefore, although counsel designated the motion under *Finley*, we grant counsel's motion for leave to withdraw and affirm the orders of the circuit court. We instruct the bar, however, that *Finley* is inapposite to cases involving direct appeals from orders affecting parental rights under the Act, and reiterate that, in these type of cases, motions to withdraw are properly brought under *Anders*.

¶ 11 Affirmed.