NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 250089-U

NO. 4-25-0089

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 28, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| In re H.E., A.E., and S.B., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | McLean County |
|       Petitioner-Appellee, | ) | No. 22JA67 |
|       v. | ) | |
| Justin M., | ) | |
|       Respondent-Appellant). | ) | Honorable |
| | ) | John Brian Goldrick, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Steigmann and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment terminating respondent's parental rights.

¶ 2    In February 2024, the State filed a petition to terminate the parental rights of respondent, Justin M., to his minor children, H.E. (born October 2017) and S.B. (born June 2015). Following the fitness and best interest hearings, the trial court granted the State's petition and terminated respondent's parental rights. (The parental rights of the minors' mother, who is also the mother of A.E., and A.E.'s father were also terminated; however, they are not parties to this appeal.) Respondent timely filed a notice of appeal, and counsel was appointed to represent him. Appellate counsel now moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), contending there are no meritorious issues of procedure or substance to be raised on appeal which would warrant relief. We agree, grant counsel's motion to withdraw, and affirm the court's

judgment.

¶ 3                                      I. BACKGROUND

¶ 4            In August 2022, the State filed a petition for adjudication of wardship for the minors pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2022)), contending the minors were neglected in that their environment was injurious to their welfare. Relevant to this appeal, the petition alleged respondent had unresolved issues of domestic violence and/or anger management as well as unresolved issues of alcohol and/or substance abuse. The petition stemmed from events in August 2022, wherein an anonymous individual reported the minors were "always dirty" and "constantly begging neighbors for food." A subsequent investigation discovered the minors' mother was unable to care for the minors, and they had been residing with their maternal grandmother, who was also unable to properly care for them. The trial court entered a temporary custody order, placing the minors in the custody of the Illinois Department of Children and Family Services (DCFS).

¶ 5            In October 2022, the trial court entered an adjudicatory order, finding both minors neglected. In November 2022, the court entered a dispositional order, finding respondent unfit for reasons other than financial circumstances to properly care for the minors. The order noted respondent had not (1) completed a court-ordered assessment, (2) completed recommended services, and (3) visited regularly with the minors. Custody and guardianship of the minors was placed with DCFS, and respondent was ordered to cooperate with all its directives.

¶ 6            In February 2024, the State filed a petition to terminate respondent's parental rights. The State alleged respondent had failed to make reasonable progress towards the return of the minors to his care. 750 ILCS 50/1(D)(m)(ii) (West 2022)). The relevant nine-month period was defined as November 22, 2022, to August 22, 2023.

¶ 7                                    A. Fitness Hearing

¶ 8            On June 18, 2024, the trial court held a fitness hearing. Respondent appeared in person, in the custody of the Illinois Department of Corrections. Respondent admitted to the allegation contained in the State's petition. The State proffered a factual basis that, from November 22, 2022, to August 22, 2023, respondent was ordered to complete an assessment for services pertaining to substance abuse, domestic violence, and parenting classes. Respondent was also required to maintain stable housing and employment and cooperate with DCFS. Respondent did not complete an assessment and did not cooperate with DCFS. The matter was continued for a best interest hearing.

¶ 9                                    B. Best Interest Hearing

¶ 10           A best interest hearing was held on November 19, 2024. The trial court took judicial notice of the court file and a best interest report. The report stated respondent had been incarcerated since March 5, 2024, for methamphetamine delivery and his projected parole date was November 2026. The court admitted three certificates of achievement respondent attained while incarcerated.

¶ 11           Greg J., the minors' foster parent, testified he was currently retired and his wife of 33 years was a teacher. The minors had been under his care since July 15, 2024. Greg J. stated the minors had transitioned well into his home and had bonded with their new family. Greg J. indicated he wished to adopt the minors and signed a permanency commitment form. On cross-examination, Greg J. stated H.E. did not remember respondent and the minors do not call him "dad." He stated S.B. did have memories of respondent, but they consisted of violent altercations respondent had with their biological mother.

¶ 12           Respondent testified he was incarcerated since March 2023. He expected to be released in September 2026; however, he believed he would be released sooner due to his

rehabilitative efforts. Respondent stated he expected to reside with his mother in Heyworth, Illinois, upon his release from prison. He also expected to resume work in landscaping and maintain his sobriety. Respondent stated he loved and missed his children and would like to establish a friendly relationship with the minors' foster family. On cross-examination, respondent conceded the minors had endured a lot of trauma. He also agreed having the minors start over with a new placement would be difficult for them, and he wanted what was best for them.

¶ 13        When considering the statutory best interest factors (705 ILCS 405/1-3(4.05) (West 2022)), the trial court found the minors' physical safety, food, shelter, healthcare, and clothing had been provided by their foster family and weighed in favor of terminating respondent's parental rights. The court found the minors' "development of the child's identity" and "background and ties" were neutral factors. The court found "continuity of affection" and the "least disruptive placement" weighed in favor of termination. The court found the minors' "community ties," in terms of their school, church, and friends, also weighed in favor of termination. Overall, the court found the State had proved by a preponderance of the evidence it was in the minors' best interest to terminate respondent's parental rights.

¶ 14        Respondent timely filed a notice of appeal, and the trial court appointed counsel to represent him. Appellate counsel filed a motion to withdraw pursuant to *Anders* and a supporting brief, providing a statement of facts, a list of potential issues, and arguments as to why those issues lack arguable merit. See *In re J.P.*, 2016 IL App (1st) 161518, ¶ 8 (finding *Anders* applies when counsel seeks to withdraw from representation on direct appeal from orders affecting parental rights under the Juvenile Court Act). Appellate counsel provided proof respondent was served with counsel's motion and a memorandum, and this court granted respondent the opportunity to file a response. Respondent failed to respond.

¶ 15 II. ANALYSIS

¶ 16 Appellate counsel seeks to withdraw as counsel, contending there are no meritorious claims for review. Counsel indicates he considered whether the trial court's unfitness and best interest findings were against the manifest weight of the evidence. Counsel determined the preceding arguments would be frivolous and patently without merit. After reviewing the record, we agree with counsel and conclude there are no meritorious arguments to be considered on appeal.

¶ 17 A. Findings of Parental Unfitness

¶ 18 Parental rights may not be terminated without the parent's consent, unless the trial court first determines, by clear and convincing evidence, the parent is unfit under section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2022)). *In re Gwynne P.*, 215 Ill. 2d 340, 354 (2005). "A trial court's determination that a parent's unfitness has been established by clear and convincing evidence will not be disturbed on review unless it is contrary to the manifest weight of the evidence." *Gwynne P.*, 215 Ill. 2d at 354. Such "[a] decision is against the manifest weight of the evidence when the opposite conclusion is clearly apparent." *In re Ta. T.*, 2021 IL App (4th) 200658, ¶ 48.

¶ 19 Based on the evidence presented, we agree with appellate counsel that any argument the trial court's finding of unfitness was against the manifest weight of the evidence would be meritless. Respondent knowingly and voluntarily admitted to the sole allegation of unfitness. The State provided a factual basis for the allegation, showing respondent had failed to make reasonable progress towards the return of the minors to his care during the relevant nine-month period.

¶ 20 B. Best Interest Determination

¶ 21    After a trial court finds a parent is unfit, "the court then determines whether it is in the best interests of the minor that parental rights be terminated." *In re D.T.*, 212 Ill. 2d 347, 352 (2004). The trial court's best interest determination will not be reversed unless it is against the manifest weight of the evidence. *In re J.B.*, 2019 IL App (4th) 190537, ¶ 33. "A best-interest determination is against the manifest weight of the evidence only if the facts clearly demonstrate that the trial court should have reached the opposite result." *Id.*

¶ 22    At the best interest hearing, the State must prove by a preponderance of the evidence termination of parental rights is in the child's best interest. See *D.T.*, 212 Ill. 2d at 367. The trial court must consider the factors set forth in section 1-3(4.05) of the Juvenile Court Act. See 705 ILCS 405/1-3(4.05) (West 2022). However, the court is not required to make a specific reference to each factor in its findings. *In re Tajannah O.*, 2014 IL App (1st) 133119, ¶ 19. These statutory factors include:

> "(1) the child's physical safety and welfare; (2) the development of the child's identity; (3) the child's background and ties, including familial, cultural, and religious; (4) the child's sense of attachments, including love, security, familiarity, and continuity of affection, and the least-disruptive placement alternative; (5) the child's wishes; (6) the child's community ties; (7) the child's need for permanence, including the need for stability and continuity of relationships with parental figures and siblings; (8) the uniqueness of every family and child; (9) the risks related to substitute care; and (10) the preferences of the persons available to care for the child." *In re Jay. H.*, 395 Ill. App. 3d 1063, 1071 (2009) (citing 705 ILCS 405/1-3(4.05) (West

2008)).

¶ 23     In this case, the evidence demonstrated the minors' needs were being met by their current foster placement and they had developed a bond with their foster family. The trial court noted many of the statutory factors weighed in favor of terminating respondent's parental rights. Additionally, the minors' foster parents were intent on adopting the minors. Despite respondent's significant progress toward substance abuse recovery while incarcerated, the fact that his projected release date would not be until September 2026 makes it unreasonable to think any reunification with the minors was imminent. Based on our review of the evidence, we agree with appellate counsel any argument it was not in the minors' best interest to terminate respondent's parental rights would be meritless. The court's best interest findings were based on an appropriate consideration of the statutory factors. Accordingly, we conclude the court's best interest determination was not against the manifest weight of the evidence.

¶ 24                                    III. CONCLUSION

¶ 25     For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 26     Affirmed.