NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251024-U

NO. 4-25-1024

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 26, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* L.L., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Tazewell County |
|     Petitioner-Appellee, | ) | No. 22JA30 |
|     v. | ) | |
| Tara L., | ) | Honorable |
|     Respondent-Appellant). | ) | Katherine G. P. Legge, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Grischow and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted counsel's motion to withdraw and affirmed the trial court's judgment denying respondent's petition for preliminary injunction.

¶ 2    In July 2024, respondent, Tara L., had her parental rights to her minor child, L.L., terminated. In June 2025, respondent filed a petition for preliminary injunction, seeking to delay the adoption of the minor. The trial court denied the petition. Respondent timely filed a notice of appeal, and counsel was appointed to represent her. Appellate counsel now moves to withdraw, contending there are no meritorious issues of procedure or substance to be raised on appeal that would warrant relief. We agree, grant counsel's motion to withdraw, and affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4    In July 2024, following the fitness and best interest hearings, the trial court granted

the State's petition and terminated respondent's parental rights. Respondent appealed. In December 2024, this court affirmed, finding the trial court properly determined she was unfit for failing to make reasonable progress toward the return of the minor to her care and the court's decision was not against the manifest weight of the evidence. *In re L.L.*, 2024 IL App (4th) 241068-U, ¶¶ 25-27, *pet. for leave to appeal denied*, No. 131535 (March 10, 2025).

¶ 5         On June 13, 2025, respondent filed a *pro se* petition seeking an injunction to "pause the adoption goal" in the juvenile proceedings. The petition acknowledged her parental rights had been terminated. She alleged, *inter alia*, ineffective assistance of counsel and requested the trial court "pause" the adoption proceedings so she could "go through the process of appeals to get a new fair trial." On June 24, 2025, an initial hearing on respondent's petition was held.

¶ 6         In court, respondent stated she was appealing the termination of her parental rights to the United States Supreme Court and was seeking to halt any adoption proceedings involving L.L. She indicated she wanted to hire an attorney to represent her on the petition, so the matter was continued. When the parties reconvened in July, respondent stated she had retained an attorney, but due to miscommunication, he was not present. The trial court confirmed a new hearing date with respondent's prospective counsel's office. A hearing on the matter occurred on September 2, 2025.

¶ 7         At the hearing, respondent explained she was unable to retain an attorney to represent her. She stated the purpose of her petition was to "pause *** everything until I get the right appeals filed to fight for—to have my daughter back." She again acknowledged her parental rights were terminated, conceding the petition was attacking the underlying termination of her parental rights. Respondent provided no legal authority to support her petition. She contended the factual basis was "a lot of false allegations with no evidence—no supporting evidence." She

explained the termination of her parental rights was "based on the caseworker's opinion, the State, the [guardian *ad litem*'s] opinions, the medical evidence that was never presented, and that was from the false allegations." The trial court denied respondent's petition, stating she had failed to meet "any legal or factual thresholds" to warrant the relief requested. Respondent requested the court appoint her counsel. The court denied respondent's request.

¶ 8        On September 24, 2025, respondent filed an appeal. The trial court subsequently entered an order appointing counsel for respondent on appeal pursuant to section 1-5(1) of the Juvenile Court Act of 1987 (Juvenile Court Act). 705 ILCS 405/1-5(1) (West 2024).

¶ 9        Appellate counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a supporting brief providing a statement of facts, a list of potential issues, and argument as to why those issues lack arguable merit. Counsel provided proof of service of his motion and memorandum on respondent. Respondent filed a response.

¶ 10                              II. ANALYSIS

¶ 11        Appellate counsel seeks to withdraw, contending there are no meritorious claims for review. Counsel indicates he considered whether the trial court properly (1) denied respondent's petition for injunction, (2) precluded the petition as an impermissible collateral attack on a final judgment, and (3) denied respondent's request for appointment of counsel. Counsel asserts any arguments presented to the contrary would be frivolous and patently without merit.

¶ 12        In response, respondent opposes appointed counsel's motion, contending the record contains multiple nonfrivolous issues. She first argues, "[t]he record contains unresolved constitutional issues including ineffective assistance of counsel, due process violations, lack of proper notice, and improper denial of counsel at critical stages." She cites *Anders* in support. Respondent's second argument identifies issues she believes are nonfrivolous: (1) "[t]he juvenile

court denied Appellate counsel despite an active appeal and ongoing litigation," (2) "[t]he court held hearings impacting Appellant's rights without representation," (3) "[t]he [*Anders*] brief misstates facts, including timelines and the legal status of Appellant," and (4) "[*res judicata*] does not bar constitutional or structural-error claims never previously adjudicated." Respondent's third argument claims she has a "protectable constitutional interests" and argues the termination of her parental rights did not strip her of "standing to challenge violations occurring after termination, including denial of counsel and improper injunction proceedings." Respondent's fourth argument contends counsel's brief omitted material facts. She argues counsel failed to address (1) her pending "federal filings," (2) her "timely efforts to secure counsel," (3) "[t]he lower court's errors in notice, due process, and refusal to appoint counsel," and (4) that this appeal "concerns orders entered in 2025, not the 2024 termination judgment." Respondent concludes by requesting this court deny counsel's motion to withdraw, appoint new appellate counsel, or permit her time to file her own brief.

¶ 13                                     A. Preliminary Injunction

¶ 14         "A preliminary injunction preserves the status quo until the merits of the case are decided." *Alms v. Peoria County Election Comm'n*, 2022 IL App (4th) 220976, ¶ 25. "Because a preliminary injunction is an extraordinary remedy, it should only be granted in situations of extreme emergency or where serious harm would result if the preliminary injunction were not issued." *Id*. "To obtain a preliminary injunction, the moving party must show (1) a clear ascertained right in need of protection, (2) irreparable injury in the absence of an injunction, (3) no adequate remedy at law, and (4) a likelihood of success on the merits of the case." *Id*. To obtain an injunction, "[t]he moving party must raise a fair question as to all four elements ***." *Id*. "A party's mere opinion, conclusion, or belief is insufficient." *Id*. "Because all four elements must be

met, the failure to establish any one of them requires the denial of the preliminary injunction." *Id*.

¶ 15 We review a trial court's ruling on a preliminary injunction for an abuse of discretion. *Id.* ¶ 24. A court abuses its discretion when "its ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the court's view." *Id.* "However, where a court makes no factual findings and rules on a question of law, our review is *de novo*." *Id.*

¶ 16 We agree with counsel that respondent has failed to show the necessary elements to support a preliminary injunction. Most notably, a clear ascertained right in need of protection that would be irreparably harmed absent an injunction. As this court has stated, "after a parent's parental rights have been terminated under the [Adoption Act], that parent has no remaining residual rights of any kind, nor does that parent have any standing to raise *any* concerns or state *any* preferences regarding the ultimate placement of his or her child for adoption." (Emphases in original.) *In re C.B.*, 221 Ill. App. 3d 686, 688 (1991); see *In re D.T.*, 212 Ill. 2d 347, 356 (2004) ("When a trial court finds that the best interests of the child warrants termination of parental rights and enters an order to that effect, the parent-child relationship is permanently and completely severed."). Respondent's parental rights had been terminated, which left her with no residual rights to the minor of any kind. As such, respondent could not show a clear ascertained right in need of protection. Furthermore, because she had no rights to the minor, the minor's potential adoption could not irreparably harm her. Accordingly, the trial court's decision to deny the petition was appropriate.

¶ 17 B. Impermissible Collateral Attack

¶ 18 The doctrine of *res judicata* provides a final judgment on the merits bars any subsequent action between the same parties or their privies based on the same cause of action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). It applies to all matters that were actually

decided in the original action and to all issues that could have been decided. *Cooney v. Rossiter*, 2012 IL 113227. "Simply stated, *res judicata* does not permit 'a do-over of the first action.' " *Deutsche Bank National Trust Co. v. Bodzianowski*, 2016 IL App (3d) 150632, ¶ 22 (quoting *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 28). "Whether *res judicata* applies is a question of law subject to *de novo* review." *A & R Janitorial v. Pepper Construction Company*, 2018 IL 123220, ¶ 16.

¶ 19          It is clear from the record the impetus for respondent's petition was to attack the termination proceedings after exhausting her appeals to this court and the Illinois Supreme Court. To the extent respondent claims the petition simply sought to delay the minor's adoption proceedings, the preceding section explains why such a contention is futile. In response to appellate counsel's motion to withdraw, respondent argues *res judicata* is not applicable and enumerates numerous conclusory reasons, including claims of ineffective assistance of counsel, due process, and other constitutional claims she argues were either never previously adjudicated or occurred after the termination of her parental rights. However, nothing in respondent's response identifies any legally cognizable claim that would not be subject to *res judicata*. The lion's share of respondent's complaints are all issues related to the original termination proceedings. However, *res judicata* applies to any issue that might have been raised in the first proceeding. *Bond v. Dunmire*, 129 Ill. App. 3d 796, 800 (1984). Her complaints regarding counsel, procedural or constitutional issues, and factual issues from the original termination proceedings could have been raised on direct appeal. Respondent may not agree with the outcome, but where *res judicata* applies, "it operates without regard to whether the prior adjudication is correct or erroneous." *Id.* Accordingly, we agree with counsel that any issues pertaining to the original termination proceedings would have been barred by *res judicata*.

¶ 20                          C. Appointment of Counsel

¶ 21            The right to counsel in termination proceedings is wholly statutory. See *In re Adoption of K.L.P.*, 198 Ill. 2d 448, 461 ("Thus, an indigent parent in a termination proceeding brought under the Juvenile Court Act is entitled to court-appointed counsel, not because the due process clause of the Illinois or United State Constitutions mandates it, but because the legislature has chosen to guarantee the assistance of counsel to indigent parents rather than requiring courts to engage in the case-by-case determination."). Here, respondent's parental rights had already been terminated, and, as we noted above, she had no remaining residual rights to the minor. As such, her statutory right to counsel under the Juvenile Court Act was no longer applicable. In response, respondent has not identified any constitutional or statutory basis warranting the appointment of counsel. Accordingly, the trial court did not err when declining to appoint counsel to represent respondent.

¶ 22            Counsel requests to withdraw pursuant to *Anders* and respondent claims counsel has not fulfilled his duties pursuant to *Anders.* However, *Anders* "provides the correct procedure where counsel seeks to withdraw from representation on direct appeal from orders affecting parental rights under the [Adoption] Act." *In re J.P.*, 2016 IL App (1st) 161518, ¶ 8. This case is not a direct appeal from a proceeding under the Adoption Act. Similarly, the notice of appeal in this case indicates appellate counsel was appointed pursuant to the Juvenile Court Act, which would also be inapplicable. Nonetheless, our supreme court has recognized a trial court's discretion to appoint counsel in civil cases where no right to counsel exists. See *People v. Stoecker*, 2020 IL 124807, ¶ 36. Our supreme court has also noted appointed counsel "may not ignore his or her professional obligations *** by advancing frivolous arguments." (Internal quotation marks omitted.) *People v. Greer*, 212 Ill. 2d 192, 207 (2004). After reviewing the record, we agree with

counsel and conclude there are no meritorious arguments to be considered on appeal and grant his motion to withdraw.

¶ 23                              III. CONCLUSION

¶ 24            For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 25            Affirmed.